281 So.2d 220 (1973)
STATE of Florida, Petitioner,
v.
Jimmie L. JONES, Respondent.
No. 73-818.
District Court of Appeal of Florida, Fourth District.
August 6, 1973.
Phillip S. Shailer, State's Atty., and Jon H. Gutmacher, Asst. State's Atty., Ft. Lauderdale, for petitioner.
No appearance for respondent.
OWEN, Chief Judge.
Jimmie Lee Jones was charged, tried by a jury, and found guilty of grand larceny. He filed a motion for a new trial on the grounds that the verdict was contrary to law and the manifest weight of the evidence. The trial court entered its order which (1) reserved ruling on the motion until such time as the defendant, Jimmie Lee Jones, had been given a polygraph examination, and (2) directed the State Attorney to make the necessary arrangements to have a polygraph examination administered to the defendant on or before a certain date. This is the order which the State has sought to have reviewed by petition for writ of certiorari.
When a defendant in a criminal case has been found guilty by a jury, and thereafter files a timely motion for new trial on the grounds that the verdict is contrary to the manifest weight of the evidence, the motion should be heard and considered by the trial court solely on the basis of the record and the evidence upon which the jury reached its verdict. This would apply as well to the weighing of the credibility of defendant's testimony in his own behalf.
The jury did not have the benefit of a polygraph examination of defendant. Therefore, the court exceeded its jurisdiction in ordering the State, absent its consent,[1] to have a polygraph examination *221 administered to the defendant where the obvious purpose is to use the result in determining whether the verdict was contrary to the evidence. Certiorari is granted and the order quashed.
WALDEN and MAGER, JJ., concur.
NOTES
[1] It was held in State v. Brown, Fla.App. 1965, 177 So.2d 532, that such procedure was not improper when done with the joint stipulation of the State and the defendant.