314 So.2d 238 (1975)
STATE of Florida, Appellant,
v.
Jerry L. RIGGINS, Appellee.
No. 75-156.
District Court of Appeal of Florida, Fourth District.
June 13, 1975.
Rehearing Denied July 8, 1975.
*239 Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellant.
Donald F. Wright, of Sutton, Wright & Smith, Orlando, for appellee.
WALDEN, Judge.
Defendant was convicted of assault with intent to commit a felony: to-wit, rape. Defendant made a motion for a new trial on the grounds the verdict was contrary to the law and weight of the evidence. The trial judge granted a new trial. The state appeals. We reverse.
The facts adduced at trial supported the following hypothesis. The defendant followed the prosecutrix home. As she walked up to her house she heard someone and turned around. The defendant approached and asked her a question, then grabbed the prosecutrix, pushed her into the living room, and knocked her to the floor. He was unsuccessful in undressing her, but exposed himself and fondled her body. Finally, she managed to break away. She testified that she saw defendant leave in a light green Chevrolet.
The trial judge based his order on three factors, first of which was:
"(A) The identification testimony by the victim is weak and partially tainted due to the manner in which identification was made after two different yearbooks were shown the victim. The taint was not sufficient for the Court to grant the defense's Motion to Suppress the identification prior to trial, but is further supported by the fact that the victim was unable to identify the defendant in a photograph of his line-up shown to her at trial."
We find, differently, that there was substantial and ample identification evidence. The complaining witness made two positive in-court identifications. Her testimony revealed she had made a positive line-up identification. She repeatedly stressed that she could not identify the defendant in the line-up photograph at trial because it was of very poor quality, dark and indistinct. The identification testimony was not, therefore, "weak and partially tainted."
The trial court found:
"(B) The defendant became a suspect initially in the case due to the color of the attacker's car being compared to the color of his car. However, the victim called the car she saw a light green and other testimony of the state determined the defendant's car to be a lime green or dark green."
Upon close examination of the testimony of the state's witnesses we find no testimony that the car was dark green in color. One investigating officer testified during the state's case-in-chief that lime green was not a dark green shade, and all witnesses both state and defense characterized the color of the car as "light" or "lime" green. In fact, the sole statement to the automobile as being dark green was made by the defense attorney. We find, therefore, that there were no facts on which the court could have based this second conclusion.
The third and last reason specified in the order granting a new trial was:
"(C) The victim's testimony in this particular trial, because of inconsistencies in it as well as inconsistencies between it and other State's witnesses, is insufficient as a matter of law to support the verdict without some cooroborating (sic) testimony. The Court notes that cooroborating *240 (sic) evidence consisting of her observing and identifying the defendant's car as being the same or similar to the car she observed the attacker leave in was readily available to the State." (Emphasis supplied.)
There is no evidentiary or legal basis for this conclusion. We find no inconsistencies in the state's testimony, and, therefore, the testimony of the prosecutrix need not be corroborated in order to sustain a conviction, State v. Smith, 249 So.2d 16 (Fla. 1971).
Finally, when hearing a motion for new trial predicated on the verdict's being contrary to the weight of the evidence the trial court must base its decision solely on the record and the evidence upon which the jury reached its verdict. State v. Jones, 281 So.2d 220 (4th DCA Fla.App. 1973). The trial court here did not so base its order. The emphasized sentence in Paragraph C reveals that the court considered the availability of evidence not offered.
The appellate standard of review for a motion granting a new trial is whether the trial court committed a clear abuse of discretion, Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); State v. Strickland, 172 So.2d 260 (2d DCA Fla.App. 1965). In State v. Coles, 91 So.2d 200 (Fla. 1967), the Florida Supreme Court stated:
"We are fully conscious of and are committed to following the rule of law that an appellate court will not disturb an order of a trial court granting a new trial unless it appears that the trial judge abused his discretion. However, where the only real question is the sufficiency of the evidence to sustain a verdict, as we construe this case to be, and where there is sufficient evidence to sustain the verdict, we do not believe that the trial court is warranted in pitting his judgment against that of the jury. It is error for the trial court to do so."
Upon careful review of the record we determine the trial court did abuse its discretion in this instance and respectfully direct the order granting a new trial be reversed.
Reversed.
CROSS and DOWNEY, JJ., concur.