385 So.2d 11 (1980)
STATE of Florida, Appellant,
v.
Harris HALIBURTON, Appellee.
No. 79-2553.
District Court of Appeal of Florida, Fourth District.
July 2, 1980.
David H. Bludworth, State's Atty., and Sandra M. Kabboush, Asst. State's Atty., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal by the State from the trial court's order granting a new *12 trial to the defendant/appellee. The defendant and another individual were tried and convicted of the crime of burglary. Both defendants moved for new trial and the trial court granted only defendant's motion, finding, "the evidence ... is inconclusive, fragmentary and insubstantial as to the issue of identification of the defendant from any view so as to sustain a jury verdict." We hold that the trial court abused its discretions in ordering a new trial and reverse with directions to reinstate the jury verdict.
The standard for review after the grant of a new trial is whether the trial judge has abused the broad discretion which is his prerogative in considering such a motion. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), and State v. Riggins, 314 So.2d 238 (Fla. 4th DCA 1975), cert. denied 333 So.2d 464 (Fla. 1976). Here, the evidence was not lacking in any sort of intrinsic credibility. There was no impeachment of the State witnesses on the issue of defendant's identity. Defendant did not take the stand. Counsel on appeal agrees completely with the State's version of the facts relating to identification. This is not a situation where the evidence was inconsistent or in any way unworthy of belief. The only question presented was the sufficiency of the evidence, and we conclude that the State's case on identity was more than adequate. State v. Coles, 91 So.2d 200 (Fla. 1956).
The order granting new trial is reversed and the cause remanded with directions to reinstate the jury verdict and for further proceedings thereafter.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.