470 So.2d 801 (1985)
Jimmy Lee JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1966.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
Reconsideration and Stay Denied July 3, 1985.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Jimmy Lee Jordan was tried by jury and found guilty of first degree premeditated murder and was sentenced to life imprisonment. He appeals.
At the close of the state's case, defense counsel moved for entry of a judgment of acquittal. The trial court denied the motion stating that the weight of the state's evidence was up to the jury to determine. This determination was based on Tibbs v. State, 397 So.2d 1120 (Fla. 1981).
At the end of the trial, defense counsel moved for a new trial stating that the jury verdict was contrary to the weight of the evidence. The trial court denied the motion for the same reason he denied the motion for judgment of acquittal.
It should be noted that the trial judge was not too impressed with the credibility of one of the state's witnesses' testimony. He stated that if it were not for her testimony, the rest of the state's case would probably be too weak to send to the jury. However, he refused to pass upon her credibility and let the case go to the jury.
The appellant argues that the trial court's refusal to reweigh the evidence "was erroneous". Appellant claims that it was well within the province of the trial judge to pass upon the weight of the evidence after it had gone to the jury.
Based upon authority of Tibbs, supra, and Adams v. State, 417 So.2d 826 (Fla. 1st *802 DCA 1982), we relinquish jurisdiction to the trial court for a period of forty-five (45) days with respectful instructions to reconsider appellant's motion for new trial on the basis of both the weight and sufficiency of the evidence. We ask that this court be immediately furnished with a certified copy of the trial court's order upon reconsideration.
It is so ordered.
HERSEY and GLICKSTEIN, JJ., concur.