HENDRY, Judge.
The state appeals from orders granting the defendant a new trial and the defendant cross-appeals from the same orders, contesting the denial of a new trial on certain additional grounds, and from his conviction for trafficking in cocaine and the sentence imposed therefor.
The trial judge’s initial order made it clear that he felt he had erred in two respects. First, the court had failed to respond fully to a question that was asked by the jury after it had retired for deliberation. The question asked was whether the *413 jury might add a written comment to the verdict. Second, the court had failed to properly instruct the jury when it asked the court to define the meaning of certain legal terms used in the trial. For these reasons, the court stated that a new trial was required so that the interests of justice would be best served in the cause.
During the pendency of this appeal, we relinquished jurisdiction and remanded the cause to the trial court to allow it to consider the additional ground for new trial which was raised, but not ruled upon, in the trial court, and argued on the defendant’s cross-appeal. State v. Williams, 444 So.2d 434 (Fla.3d DCA 1983) (on rehearing on motion to dismiss appeal). After holding an evidentiary hearing the trial court entered its order granting the defendant’s motion for a new trial on the basis of this additional ground. The court found that the state had, by its improper conduct, deprived the defendant of the testimony of his (severed) co-defendant, and that had such testimony been available, it would have produced a different result in the defendant’s trial.
It is a well-established rule of law that the trial judge has wide discretion in the matter of granting or denying motions for new trial and that an appellate court will not overturn such a ruling unless some abuse of discretion is shown. See Baker v. State, 336 So.2d 364, 370 (Fla.1976); State v. Prieto, 439 So.2d 288 (Fla.3d DCA 1983), pet. for rev. denied, 450 So.2d 488 (Fla.1984); State v. Haliburton, 385 So.2d 11 (Fla. 4th DCA 1980); State v. Woodson, 330 So.2d 152, 154 (Fla. 4th DCA 1976); Hanson v. State, 187 So.2d 54 (Fla. 3d DCA 1966).
From our careful consideration of the record, briefs and arguments of counsel, we are unable to conclude that the trial judge abused his discretion in granting a new trial, either initially, or upon the additional ground urged by the defendant. Therefore, the new trial orders appealed are affirmed. Our disposition makes it unnecessary to address the defendant’s remaining point on cross-appeal.
Affirmed.