574 So.2d 160 (1990)
Carrington THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2070.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant seeks review of the trial court's order denying his motion for new trial.
The order reads in part:
This was clearly a question of fact, especially going to the credibility of the state's main eyewitness, so the jury evaluated that and I am not going to reevaluate the jury's determination of that so the motion is denied, and it is denied on any other grounds that were raised at the time of trial as well.
The record is unclear as to whether the trial judge considered the weight of the evidence when he ruled on the motion.
Rule 3.600(a)(2), Florida Rules of Criminal Procedure, requires that a trial court grant a new trial if "verdict is contrary to law or the weight of the evidence."
Accordingly, we relinquish jurisdiction to the trial court for a period of forty five (45) days with instructions to reconsider the motion for new trial on the basis of both the weight and sufficiency of the evidence. Uprevert v. State, 507 So.2d 162 (Fla. 3d DCA 1987); Jordan v. State, 470 So.2d 801 (Fla. 4th DCA 1985). We ask that this court be immediately furnished with a certified copy of the trial court's order after its reconsideration.
WARNER, J., concurs.
ANSTEAD, J., dissents without opinion.