632 So.2d 134 (1994)
STATE of Florida, Appellant,
v.
William HART, Appellee.
No. 93-0446.
District Court of Appeal of Florida, Fourth District.
February 9, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellant.
Kenneth E. Delegal of Law Offices of Kenneth E. Delegal, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal by the state from the trial court's order granting appellee a new trial as to the count upon which the jury found appellee to be guilty. We affirm.
Florida Rule of Criminal Procedure 3.600(a)(2) provides that the trial court shall grant a new trial if "[t]he verdict is contrary to law or the weight of the evidence." In the present case, the trial judge found that the verdict was "clearly contrary to the `weight' of the evidence."
In order for this court to overturn the trial court's granting of a new trial, there must be a clear showing that the trial court abused the broad discretion accorded it in ruling on a motion for a new trial. Cloud v. Fallis, 110 So.2d 669, 672 (Fla. 1959); State v. Haliburton, 385 So.2d 11, 12 (Fla. 4th DCA 1980); State v. Riggins, 314 So.2d 238, 240 *135 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 464 (Fla. 1976). In addition, a stronger showing is required to overturn an order granting a new trial than to overturn an order denying a new trial. State v. Delafuente, 487 So.2d 1083, 1083-84 (Fla. 4th DCA 1986). Florida case law has not clearly defined what constitutes an abuse of discretion in criminal cases where a new trial was granted on the basis that the verdict was contrary to the weight of evidence. However, since "the policy of the appellate rules is that criminal and civil appeals are to be treated alike, except for matters unique to criminal cases," State v. Williams, 444 So.2d 434, 439 (Fla. 3d DCA 1983), we have looked to a civil case for guidance in this issue. In Smith v. Brown, 525 So.2d 868 (Fla. 1988), the trial court granted the defendant's motion for a new trial on the ground that the verdict was against the manifest weight of the evidence. On appeal, the Florida Supreme Court stated that "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Id. at 869-70 (quoting Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980)). See also Cloud, 110 So.2d at 672-73.
In the instant case, appellant contends that the trial judge abused his discretion by determining the credibility of witnesses. Appellant suggests that in so doing, the trial judge usurped the role of the jury. However, the Florida Supreme Court made clear in Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), that rule 3.600(a)(2) "enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror." See also Uprevert v. State, 507 So.2d 162 (Fla. 3d DCA 1987). In fact, the process of assessing whether the jury's verdict is consistent with the weight of the evidence necessarily requires that the trial judge "invade the fact-finding arena  to act, in effect, as an additional juror." Gonzalez v. State, 449 So.2d 882, 888 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla. 1984).[1] Furthermore, if the "jury has been deceived as to the force and credibility of the evidence," then the trial court's duty to grant a new trial is even stronger. Cloud, 110 So.2d at 673.
In reviewing a motion for a new trial, the trial court must consider both the weight and sufficiency of evidence. Thomas v. State, 574 So.2d 160 (Fla. 4th DCA 1990) (On appeal after the relinquishment of jurisdiction to the trial court, this court affirmed the trial court's order denying defendant's motion for new trial. Thomas v. State, 574 So.2d 259 (Fla. 4th DCA 1991).); Jordan v. State, 470 So.2d 801 (Fla. 4th DCA 1985); Uprevert, 507 So.2d at 163. "Sufficiency of evidence" is a test of whether the evidence presented is legally adequate to justify the verdict. Tibbs, 397 So.2d at 1123.[2]
On the other hand, "weight of the evidence" is a "determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." Id. In essence, the trial court acts as a safety valve by granting a new trial where "the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict." Robinson v. State, 462 So.2d 471, 477 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla. 1985). "The [Florida] Supreme Court has made it abundantly clear that the only avenue for judicial review of the weight of the evidence is by motion for *136 new trial at the trial court level." Id. at 476-77.
GLICKSTEIN and FARMER, JJ., and BROWN, LUCY, Associate Judge, concur.
NOTES
[1] See also Brown, 525 So.2d at 870, where the supreme court held that, in deciding whether a verdict is contrary to the manifest weight of the evidence, the trial judge "must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence."
[2] Where the only issue presented is the sufficiency of the evidence to sustain the verdict, and adequate evidence is presented to support the verdict, it is improper for the trial court to grant a new trial, even if there is conflicting evidence. State v. Coles, 91 So.2d 200, 204 (Fla. 1956); Haliburton, 335 So.2d at 12. In such a situation, it is the jury's function to evaluate the evidence. Coles, 91 So.2d at 204; Riggins, 314 So.2d at 240. However, Haliburton suggests that where the issue is one of testimony that is unworthy of belief, then a new trial may be properly granted by the trial judge. Id. at 12. See also Thomas, 574 So.2d at 160; Jordan, 470 So.2d at 801-02.