W. SHARP, Judge,
dissenting.
I dissent because in my view the proper course for us to take is to remand for a new trial. The trial court found that the verdict of guilt of first degree premeditated murder was contrary to the weight of the evidence presented at trial. It stated that a reasonable hypothesis existed that the homicide, while unlawful, was committed without premeditation. In reducing the conviction to second degree murder, the trial court relied on Florida Rule of Criminal Procedure 3.620 which states:
When the offense is divided into degrees or necessarily includes lesser offenses and the court, on motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of the lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.
The evidence presented in this case was in conflict on the premeditation issue. Some witnesses testified that Harris was calm, took a two-handed shooter stance, and fired directly at the victim, her son. Other witnesses testified that Harris was frightened of her son who had threatened her physically and hit her before leaving their house, that she was trying to scare him away, and that she loved him and had no intent to kill him. There was also testimony that Harris did not know how to properly aim a gun, that she was firing with her eyes closed, and that bullets were shot upwards into the surrounding trees.
The test under rule 3.620 is whether there was sufficient evidence to sustain the verdict, not weight of the evidence. In this regard, the trial court erred in reducing the murder charge. However, Harris’ motion was one for a new trial and pursuant to rule 3.600(a)(2), the trial court may grant a new trial in a case in which it determines that the verdict is contrary to the weight of the evidence.
*288 This determination falls within the exclusive province of the trial judge, and Harris has a fundamental right to obtain a ruling from it on this ground. Tibbs v. State, 397 So.2d 1120 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Smyly, 646 So.2d 238 (Fla. 4th DCA 1994). The first district said in Robinson v. State, 462 So.2d 471, 476-477 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985):
The Supreme Court has made it abundantly clear that the only avenue for judicial review of the weight of the evidence is by motion for new trial at the trial level. Thus, the rules of criminal procedure and the courts continue to recognize the critical need for some form of discretionary judicial review to serve as a safety valve in those cases where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict. Tibbs simply removes the appellate courts from playing any significant role in that process and places sole responsibility for that discretionary decision upon the trial judge.
In fulfilling its function under rule 3.600(a)(2), the trial court of necessity invades the province of the fact finder and acts as an additional juror with an absolute veto over the other six. See Smith v. Brown, 525 So.2d 868 (Fla.1988) (in maMng a decision whether to grant a new trial, the judge must necessarily consider credibility of the witnesses along with the weight of the evidence); Smyly (in assessing the verdict in light of the weight and credibility of the evidence under rule 3.600, the trial judge sits as a seventh juror with a veto over the unanimous verdict of the other six jurors); State v. Hart, 632 So.2d 134 (Fla. 4th DCA 1994) (the process of assessing whether the jury’s verdict is consistent with the weight of the evidence necessarily requires that the trial judge invade the fact-finding arena, that is, to act as an additional juror). As the court said in Tibbs:
Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of the witnesses so as to act, in effect, as an additional juror. It follows that a finding by the trial judge that the verdict is against the weight of the evidence is not a finding that the evidence is legally insufficient.
397 So.2d at 1123, n. 9.
In this case, it appears that the evidence was legally sufficient to support the verdict of first degree murder. However, it is clear that the trial judge in this ease found the verdict was “contrary to the weight of the evidence presented at trial.” He thus should have granted a new trial pursuant to rule 3.600(a)(2) rather than reducing the charge pursuant to rule 3.620.
As the fourth district did in Smyly, we should elect to treat the order appealed as one granting a motion for new trial, and affirm it. The standard for reviewing an order granting a new trial is the abuse of discretion standard, using the reasonableness test.[1] I respectfully disagree with the majority opinion which appears to hold that because there is evidence in the record to support the jury verdict, a new trial order would constitute an abuse of discretion. Smith.

. Smith v. Brown, 525 So.2d 868 (Fla.1988); State v. Hart, 632 So.2d 134 (Fla. 4th DCA 1994).