KLEIN, J.
The state appeals an order granting a new trial which the court granted because of prejudicial statements which occurred during the testimony of an investigating officer. We affirm.
In response to a question as to how he had become involved in the investigation, the officer responded that he had “noticed on the police report that Mr. Consiglio was a suspect in that case and I had known him from previous contact I had with him.” Defendant objected and the objection was sustained. The officer was then asked what he did after contacting the victims in the case, and he responded: “I researched and found that I could obtain a photograph from the Sheriffs office on Mr. Consiglio-,” at which point defendant made an objection which was sustained, and moved for a mistrial which was denied. After a verdict finding defendant guilty the trial court granted defendant’s motion for new trial because of the above testimony.
In State v. Hart, 632 So.2d 134 (Fla. 4th DCA 1994), we concluded that orders granting new trials in criminal cases should be reviewed on appeal under the same standards as orders granting new trials in civil cases. In civil cases trial courts are accorded broad discretion, Cloud v. Fallis, 110 So.2d 669 (Fla.1959). If reasonable judges could differ as to the propriety of an order granting a new trial, there is no abuse of discretion. Smith v. Brown, 525 So.2d 868 (Fla.1988).
*384 The state argues that the evidence of guilt was overwhelming. That argument might have been persuasive if the trial court had refused to grant a mistrial or new trial, and the defendant was appealing, asking this court to grant a new trial. Here the trial judge granted a new trial, and he was in a much better position than we are to determine whether the police officer’s comments were prejudicial in light of the evidence. We find no abuse of discretion.
POLEN and HAZOURI, JJ., concur.