GROSS, J.
We affirm the trial court’s order granting a new trial pursuant to Florida Rule of Criminal Procedure 3.600. For this court to overturn such an order, “there must be a clear showing that the trial court abused the broad discretion accorded it in ruling on a motion for a new trial.” State v. Hart, 632 So.2d 134, 134 (Fla. 4th DCA 1994) (citations omitted). “In addition, a stronger showing is required to overturn an order granting a new trial than to overturn an order denying a new trial.” Id. at 135.
With admirable candor, the trial judge indicated that “this [was] a case that [she] rushed to trial too fast.” This recognition that the defense did not have adequate time to prepare for trial supports the conclusion that the defense was not able to discover the testimony of the new witness by the use of due diligence. The judge found that the difficulty in locating the witness was exacerbated by “the particular milieu in which this crime occurred.”
The judge was on the scene during the development of this case. She presided over the trial. Unlike an appellate court, she is fully informed as to the equities, the subtleties of the case, and the difficulties of trial preparation. It is exceedingly rare for a trial judge to say that a case was rushed to trial too fast. The law encourages such candor by trial judges and defers to their attempt to correct the injustices that occasionally ensue from the hurried pace of crowded dockets in busy criminal courtrooms. On this record, the trial court’s ruling is sustainable either under Rules 3.600(a)(3) or 3.600(b)(8).
AFFIRMED.
FARMER, J., concurs specially with opinion.
GUNTHER, J., dissents with opinion.