GRIFFIN, J.
Petitioner, Christopher Weldon, seeks a writ of mandamus to compel the trial court to rule on his motion for new trial.
Petitioner was found guilty of second-degree grand theft, criminal mischief and misdemeanor trespass, and filed a timely motion for new trial. On June 29, 2001, while that motion was pending, the trial court sentenced petitioner. Thereafter, at the hearing on the motion for new trial, the trial court refused to rule on the motion, deciding that it was waived because it was not resolved before sentencing.
Florida Rule of Criminal Procedure 3.590(a) provides that a motion for new trial may be made within ten days after rendition of the verdict. There is no claim *706 that the motion in this case was untimely. Although the trial court suggested that there was a statute requiring that a motion for new trial must be resolved before sentencing, neither the judge or the prosecutor could recall the exact statute. On appeal, the State, as respondent, has cited no such statute and does not suggest to this court that the trial court’s ruling was correct.
Florida Rule of Criminal Procedure 3.630 expressly provides that the trial court in its discretion may sentence the defendant either before or after the filing of a motion for new trial, which refutes the trial court’s position that a motion for new trial is waived if not resolved before sentencing. In addition, Florida Rule of Appellate Procedure 9.020(h)(1), provides that if a final order has been entered where a timely motion for new trial has been filed, the final order is not deemed rendered until the filing of a signed, written order disposing of such motion.
In response to the petition, the State merely argues that the issue is not appropriate for mandamus because the decision was “merely erroneous.” Alternatively, the State urges that refusal to rule based on waiver is tantamount to a denial, thus requiring the filing of an appeal, not mandamus. Although either jurisdictional basis may be proper, given the trial court’s express denial of defense counsel’s request that the court rule one way or the other, we find mandamus to be appropriate.
We grant the writ and remand for a ruling on the merits of the motion for new trial.
WRIT GRANTED.
HARRIS and ORFINGER, R.B., JJ., concur.