856 So.2d 1087 (2003)
Rufino GUEBARA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3425.
District Court of Appeal of Florida, Fifth District.
October 17, 2003.
W. Ford Duane of Hannah, Estes & Ingram, P.A., Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
*1088 PALMER, J.
Rufino Guebara appeals his judgment and sentence which were imposed by the trial court after a jury found him guilty of committing manslaughter with a firearm.[1] Concluding that the trial court applied the wrong standard when ruling on Guebara's motion for a new trial, we remand this matter to the trial court to reconsider that motion.
Guebara was charged by information with one count of second degree murder with a firearm. After trial, the jury found Guebara guilty of committing the lesser included offense of manslaughter with a firearm.
Guebara filed a motion for a new trial claiming, among other things, that the jury's verdict was contrary to the weight of the evidence. Guebara requested the trial court to re-weigh the evidence in ruling on his motion, an appropriate request pursuant to Florida Rule of Criminal Procedure 3.600(a)(2), which provides that a new trial shall be granted if the verdict is contrary to the law or to the weight of the evidence. However, instead of engaging in a review of the weight of the evidence, the trial court incorrectly used a sufficiency of the evidence standard to test Guebara's motion.
In Tibbs v. State, 397 So.2d 1120 (Fla. 1981), our Supreme Court explained the important distinction between the terms "weight of the evidence" and "sufficiency of the evidence":
The weight and the sufficiency of evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. Sufficient evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded." Black's Law Dictionary 1285 (5th ed.1979). In the criminal law, a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 2150 n. 10, 57 L.Ed.2d 1 (1978). Weight, at least in theory, is a somewhat more subjective concept. The "weight of the evidence" is the "balance or preponderance of evidence." Black's Law Dictionary 1429 (5th ed.1979). It is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other. See In re Estate of Brackett, 109 So.2d 375 (Fla. 2d DCA 1959).
Id. at 1123 (footnote omitted). In footnote nine, the Tibbs court wrote that, in ruling on a weight of the evidence claim, the trial court essentially acts as a seventh juror in the case:
Rule 3.600(a)(2) thus enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror. It follows that a finding by the trial judge that the verdict is against the weight of the evidence is not a finding that the evidence is legally insufficient. See Ricketts v. Williams, 242 Ga. 303, 248 S.E.2d 673 (1978), cert. denied, 439 U.S. 1135, 99 S.Ct. 1059, 59 L.Ed.2d 97 (1979).
Id. at 1123 n. 9.
We recently addressed this same issue in Moore v. State, 800 So.2d 747 (Fla. 5th DCA 2001). In Moore, the defendant appealed the trial court's order denying his motion for a new trial which was filed after the jury found him guilty of committing a sexual battery on a physically helpless person. *1089 The defendant argued that the trial court applied an incorrect standard by which to test his new trial motion. Specifically, the defendant had requested the trial court "to re-weigh the evidence" in determining his motion but, instead of engaging in a review of the weight of the evidence, the trial court used a sufficiency of the evidence standard to test the motion. In reversing and remanding the case back to the trial court for reconsideration we agreed that the record clearly showed that the trial court applied the wrong standard.
Here, the trial court's written order demonstrates that it applied the wrong standard in considering Guebara's motion. The trial court's order stated:
There is substantial competent, albeit circumstantial evidence to support the jury's verdict in this case including un-rebutted testimony concerning the amount of force required to pull the trigger of the Glock pistol in question; the distance at which the pistol was fired; the angle of the shot; and the defendant's actions following the shooting. Because this evidence is inconsistent with the defendant's theory that the shooting was an accident and sufficient to support the jury's verdict the defendant's motion on this ground is denied.
The trial court cited to several cases in support of its decision to deny Guebara's motion; however, in each of the cases cited the issue was whether or not the State had presented competent substantial evidence to support the verdict in a circumstantial evidence casenot whether the verdict was against the weight and credibility of the evidence.
Accordingly, we vacate Guebara's judgment and sentence and remand this matter to the trial court to consider the weight of the evidence in ruling on Guebara's motion for a new trial. If the court concludes that the jury's verdict is against the manifest weight of the evidence presented, it must grant Guebara's motion for new trial. If the court concludes that the verdict is not against the manifest weight of the evidence, it can again deny the motion and enter a new judgment and sentence.
We have considered the other issues raised by Guebara in this appeal and find no merit therein.
VACATED and REMANDED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] See § 782.07(1), Fla. Stat. (2001).