LaROSE, Judge.
Anthony Hartley appeals his conviction and thirty-year prison sentence after a trial for burglary of a conveyance with a battery. See § 810.02, Fla. Stat. (2008). Because the trial court did not clearly articulate the legal standard it applied in denying Mr. Hartley’s motion for new trial, we reverse and remand for further proceedings.
Sharkara Moore testified that she was sitting in her car in an apartment complex parking lot waiting for a friend. The windows were open. A man whom she knew only as “Nuke Man” approached. She had known him for almost a year; they were currently on bad terms and were not speaking to each other. He reached into the car, grabbed the keys from the ignition, and threw them into a field. He then punched Ms. Moore twice through the open window. She tried to fight back but ended up on the ground outside the car where Nuke Man continued to kick her and hit her.
Jorvousia Palmer saw the altercation. She helped Ms. Moore find her car keys, called 911, and drove her home. On the way home, Ms. Moore had a seizure. Ms. Moore was taken to the hospital, where she spoke to Detective Michelle Rand. She there identified a photograph of Mr. Hartley as Nuke Man. The State rested. Defense counsel unsuccessfully moved for a judgment of acquittal.
Mr. Hartley testified that he was known as “Nuke Man.” He denied reaching into Ms. Moore’s car or hitting and kicking her. He lived in the apartment complex with his mother and sister-in-law. He claimed to be living with Ms. Moore. He had dated her for about a year and still had feelings for her, but conceded that they were on bad terms. He testified that he was sitting with his sister-in-law in a car parked in her yard in the apartment complex listening to music. He saw an unknown man hitting Ms. Moore with his fist. She fell down. He saw a girl come up and help Ms. Moore. He left the scene because he was on probation and was not supposed to be in an area where drugs were sold.
On rebuttal, Ms. Moore testified that, just before the altercation, Mr. Hartley lived with her and another man, “Red.” Red asked Mr. Hartley to leave when he found out that Mr. Hartley and Ms. Moore had developed a romantic relationship. Defense counsel renewed the motion for a judgment of acquittal. The trial court denied the motion. A jury found Mr. Hart-ley guilty.
*799 Before sentencing, defense counsel again renewed the motion for a judgment of acquittal and moved for a new trial, arguing that Ms. Moore’s credibility was so questionable that it could not be relied upon and that the verdict was contrary to the weight of the evidence. The trial court denied both motions, stating for both, “I believe that the matter in question was for the jury’s consideration and I’m satisfied that the motion should be denied” and “I still believe it’s a matter for the jury’s consideration. I will deny the motion.” It made no other findings. Mr. Hartley argues that the trial court erred in denying both motions.
To determine whether a judgment of acquittal is appropriate, the trial court uses the “sufficiency of the evidence” standard, which tests whether the evidence is legally adequate to permit a verdict. Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002)(citing Moore v. State, 800 So.2d 747 (Fla. 5th DCA 2001); State v. Hart, 632 So.2d 134, 135 (Fla. 4th DCA 1994)). Ms. Moore’s testimony was sufficient to support the denial of the motion for a judgment of acquittal. Accordingly, we affirm the denial of that motion.
The standard for evaluating a motion for new trial is the “weight of the evidence,” which tests “whether a greater amount of credible evidence supports one side of an issue or the other”; the trial court grants a new trial “where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.” Id. (citing Hart, 632 So.2d at 135; Moore, 800 So.2d at 749). Generally, we review a trial court’s ruling on a new trial motion for abuse of discretion. Id. at 1044-45. However, whether the trial court applied the correct legal standard is subject to de novo review. Id. at 1045.
We are unable to determine whether the trial court applied the correct standard in denying the new trial motion. In its oral pronouncement, the trial court used words indicating that it applied a sufficiency-of-the-evidenee standard. See id.; Collett v. State, 28 So.3d 224, 225 (Fla. 2d DCA 2010); Moore, 800 So.2d at 750. The State concedes that the record is unclear as to which standard the trial court used. Accordingly, we reverse the judgment and remand with directions to the trial court to reconsider the motion based on the manifest weight of the evidence standard. See Geibel, 817 So.2d at 1045 (reversing judgment where we were unable to determine whether trial court applied correct standard in denying motion for new trial).
Reversed and remanded.
VILLANTI and BLACK, JJ., Concur.