SAWAYA, J.,
concurring.
I concur with the majority opinion. The trial court applied the wrong standard in ruling on the defendant’s motion for new trial. Therefore, it is appropriate to reverse the trial court’s order denying the motion for new trial and remand for consideration of the motion pursuant to the correct standard. See Lee v. State, 117 So.3d 848, 849 (Fla. 5th DCA 2013); Fulword v. State, 29 So.3d 425, 426 (Fla. 5th DCA 2010); Moore v. State, 800 So.2d 747, 750 (Fla. 5th DCA 2001). There are, however, a number of decisions that reverse the judgment and sentence as an adjunct to the decision to remand the case for reconsideration of the motion based on the correct standard. See, e.g., Hartley v. State, 125 So.3d 797, 799 (Fla. 2d DCA 2013); Guebara v. State, 856 So.2d 1087, 1089 (Fla. 5th DCA 2003); Geibel v. State, 817 So.2d 1042, 1045 (Fla. 2d DCA 2002). If the motion for new trial is denied on remand, these decisions require the trial court to subsequently enter a new judgment and sentence. I cannot think of one good reason for reversing the judgment and sentence in this circumstance, but I can think of a number of reasons why that is not necessary or appropriate.
In many criminal cases, the trial court renders a judgment of conviction and imposes sentence right after the jury returns with a guilty verdict. If a motion for new trial is subsequently filed, the trial court proceeds to hear that motion leaving the judgment and sentence intact unless and until the motion is granted. I note in this regard that Florida Rule of Criminal Procedure 3.630 specifically provides that the sentence may be imposed prior to the filing of a new trial. I think this rule recognizes that the judgment and sentence remain valid unless and until the motion for new trial is made and ruled upon. See Weldon v. State, 800 So.2d 705, 706 (Fla. 5th DCA 2001). The procedure of entering judgment and sentence prior to filing a motion for new trial has been recognized for quite some time in Florida. See Shelby v. State, 155 Fla. 182, 21 So.2d 787, 787 (1944). Moreover, the courts have specifically held that if an order is entered granting a new trial, the order acts to abrogate *1073 the judgment and sentence, clearly indicating that the judgment and sentence should remain in effect unless and until such an order is entered. See Atl. Coast Line R. Co. v. Boone, 85 So.2d 834, 839 (Fla.1956). In Boone, the court explained:

An order directing a new trial has the effect of vacating the proceeding and leaving the case as though no trial had been had. The verdict and judgment are set aside, even though the order does not specifically mention either. The granting of the motion usually has the effect, ipso facto, of vacating the judgment.

Id. (quoting 39 Am. Jur. New Trial § 204 (1942)).
If the rules are designed to allow judgments to be rendered and sentences imposed prior to the filing of a motion for new trial without imposing a requirement that the judgment and sentence be vacated until the motion is heard, it makes no sense for the courts to impose that requirement when the case is remanded so the trial court can reconsider a motion for new trial. On remand, if the motion is denied, an order is rendered to that effect, and nothing more needs to be done. If the motion is granted, the judgment and sentence are automatically vacated, and the trial begins anew. Id.
Adverting to this court’s opinion in Gue-bara, it does not explain why reversal of the judgment and sentence was necessary. Moreover, I do not read that part of the opinion in Guebara as imposing a mandatory procedure or remedy when remanding a case to the trial court to reconsider a motion for new trial applying the appropriate standard. Therefore, I do not believe that part of Guebara is binding precedent we must follow in the instant case. I note that decisions from this court rendered after Guebara simply reverse the order denying the motion for new trial and remand for reconsideration of the motion based on the correct standard. See Lee, 117 So.3d at 849; Fulword, 29 So.3d at 426.
I also note that judgments and sentences generally come to appellate courts cloaked with the presumption of correctness. See Terry v. State, 668 So.2d 954, 964 (Fla.1996); Bussell v. State, 66 So.3d 1059, 1061 (Fla. 1st DCA 2011). In the instant case, for example, we reviewed the claims of error regarding the judgment and sentence raised in the briefs and found nothing that would overcome the presumption of correctness. It would make little sense, therefore, to reverse the judgment and sentence once we have concluded that affirmance is appropriate. This is especially true in light of the fact that reversal of the judgment and sentence is not a necessary component of the trial court’s decision to properly decide the motion under the correct standard.
Finally, reversal of the judgment and sentence has profound consequences. Judgments of convictions that are reversed are considered a nullity. Kaminski v. State, 72 So.2d 400, 401 (Fla.1954); Ex parte Livingston, 116 Fla. 640,156 So. 612, 617 (1934); Johnson v. State, 664 So.2d 986, 988 (Fla. 4th DCA 1995); State v. Adjmi, 170 So,2d 340, 342 (Fla. 3d DCA 1964) (“The effect of the reversal of the judgment of conviction and the remand for new trial left the case standing as if the judgment had not been rendered, and restored the cause to the position it held before the first trial.”); see also Anderson v. Chapman, 109 Fla. 54, 146 So. 675, 676 (1933) (“A sentence to imprisonment is void unless it is based upon a judgment of conviction pronounced by the court.”). For example, in cases where the defendant is serving a prison sentence and the judgment and sentence are reversed, there would be nothing to authorize the' Depart *1074 ment of Corrections to continue to incarcerate the defendant. In cases where the defendant is serving a probationary sentence, he or she would not be obligated to comply with the terms and conditions.
For the reasons just discussed, I do not believe that reversal of the judgment and sentence is either necessary or appropriate when remanding a case for reconsideration of a motion for new trial so the trial court can-apply the correct standard.