NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUSTO ORTIZ COLON,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D14-2461
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
                                      )
_____      )

Opinion filed May 13, 2016.

Appeal from the Circuit Court for Charlotte
County; Amy R. Hawthorne, Judge.

Howard L. Dimmig, II, Public Defender,
and J. Rafael Rodriguez, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa,
for Appellee.

SLEET, Judge.

        Justo Colon appeals his conviction and sentence for capital sexual battery

on a child less than twelve. After a jury found him guilty, the trial court sentenced him to

life in prison with a twenty-five-year mandatory minimum. See §§ 794.011(2)(a),

775.082(1), Fla. Stat. (2012). We reverse the denial of Colon's motion for mistrial and

remand for a new trial.  Because Colon's remaining issues are without merit or moot as a result of our reversal, we decline to comment on them further.

Colon was charged with the sexual battery of a four-year-old girl after she reported an injury to her mother and identified Colon as the man who touched her.  The State presented no DNA evidence implicating Colon; its case relied primarily on the victim's identification and the opinions of the examining physicians who observed her injuries.  At trial, the State called the mother to testify as to the victim's hearsay statements pursuant to section 90.803(23), Florida Statutes (2012).  The record reflects and the parties agree that the mother was visibly upset and that she cried throughout her testimony.

When the State sought to introduce a close-up photograph of the victim's vaginal injuries during the mother's testimony, defense counsel objected.  At the bench conference on the objection, the defense stipulated to the photo's admissibility but objected to admitting it through the mother because the photo had previously elicited an emotional outburst from her at a pretrial hearing.  The defense expressed concern that showing the photograph to the mother at trial would evoke a similar emotional outburst that would prejudice Colon before the jury and argued that it would be less prejudicial to introduce the photographs during the testimony of the examining physician who took them.  Although the trial court noted that the victim's mother had been crying throughout most of her testimony and was "pretty upset as it is," the court overruled the defense's objection.

The State then presented the photographs to the victim's mother and asked her to identify what was depicted therein.  She replied, "It's my daughter's

-2-

vagina." While the State was publishing the photograph to the jury, the victim's mother stated twice that she needed to throw up and then vomited into a trash can, which was provided by a prescient bailiff. The record reflects that this occurred in front of the jury box and within clear view of the jury. The defense moved for a mistrial. After a brief bench conference, the court announced a recess and the mother was escorted to the restroom. Although the trial court agreed with the defense and expressed its doubts that there was a curative instruction that could adequately address this incident, it ultimately denied the defense's motion for mistrial. This was error.

We review the denial of a motion for mistrial for an abuse of discretion. Hartley v. State, 125 So. 3d 797, 799 (Fla. 2d DCA 2013). "An order granting mistrial is required only when the error upon which it rests is so prejudicial as to vitiate the entire trial, making a mistrial necessary to ensure that the defendant receives a fair trial." Dessaure v. State, 891 So. 2d 455, 464-65 (Fla. 2004). When considering a motion for mistrial based on a witness's emotional outburst, "appellate courts should defer to trial judges' judgments and rulings when they cannot glean from the record how intense a witness's outburst was." Thomas v. State, 748 So. 2d 970, 980 (Fla. 1999).

In this case, the record clearly reflects the severity and intensity of the mother's reaction to the photograph. Although the State claimed at trial that it did not show the mother the photograph in order to elicit an emotional response, we fail to see any other justification for its chosen trial tactic. The trial court was aware of the mother's prior emotional reaction to the same graphic photograph, and the defense stipulated to admission of the photograph through a more dispassionate witness. The known prejudice of admitting this photograph through the mother outweighed any alleged

-3-

probative value. Accordingly, the trial court erred when it allowed the State to admit the photograph through the mother over the defense's objection.

We have found no cases that involve the particular emotional outburst at issue in the present case. And the cases cited by the State are factually distinguishable from the present facts. See Thomas, 748 So. 2d at 980 (affirming the denial of a motion for mistrial where the witness "suffered an emotional breakdown after the State asked her to identify the defendants at trial by standing next to them"); Arbelaez v. State, 626 So. 2d 169, 176 (Fla. 1993) (affirming the denial of a motion for mistrial when the witness cried throughout her testimony and called the defendant a "murderer" and a "son of a bitch" in Spanish and, after being surveyed by the trial court, the jurors confirmed that they could disregard the outburst). We recognize that there is no bright line rule in cases involving an emotional outburst from a witness. However, in this case the State's evidence of guilt was very limited, and the court was on notice of a probable emotional outburst by the mother. Based on these facts, the mother's visceral reaction to the photograph warranted a new trial. The trial court abused its discretion in denying Colon's motion for mistrial. Accordingly, we reverse his conviction and sentence and remand for a new trial.

Reversed and remanded.


KHOUZAM and LUCAS, JJ., Concur.