DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA**,
Appellant,

v.

**MADCENE SERFRERE**,
Appellee.

No. 4D17-1374

[January 9, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Haimes, Judge; L.T. Case No. 062015CF015451A88810.

Ashley Brooke Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellee.

KUNTZ, J.

A jury found Defendant Madcene Serfrere guilty of trafficking in cocaine and possession of cocaine. After sentencing, the court granted Serfrere's motion for new trial based on an alleged *Brady*[1] issue. The State argues that the evidence at issue was not material, precluding Serfrere from establishing prejudice. Because we agree with the State that the evidence at issue was neither material nor prejudicial to Serfrere, we reverse the court's order granting a new trial and remand with instructions to reinstate the jury's verdict.

### *Background*

The issue in this appeal relates to a detective, Detective D.J., under investigation while this case was pending. Detective D.J. and his partner, Detective J.R., worked together during the investigation of Serfrere. The

_____

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

State listed Detective D.J. on a discovery witness list, but the State did not identify him as a potential witness during voir dire.

While the jury was deliberating, Serfrere's counsel brought to the court's attention that the State had not called Detective D.J. during trial. Counsel informed the court that he contacted the clerk of court during a recess and learned that Detective D.J. was the subject of a *Brady* notice and "[was] under investigation by the State Attorney's Office and the SPU Unit for Grand Theft."

Serfrere's counsel acknowledged that Detective D.J. was on the State's discovery list, but told the court that the State did not advise him of any *Brady* information. He also told the court that he found no information on the docket related to the *Brady* notice, and he did not receive the *Brady* notice.

The State responded that the *Brady* notice was filed by the prior prosecutor and scanned with a bar code. But the trial prosecutor admitted she had not verified that the notice was docketed.

Serfrere's counsel maintained that Detective D.J. and his partner, Detective J.R., were the only people who could confirm whether a purported confidential informant was documented with the police department, an issue relevant to Serfrere's objective entrapment defense. He also brought attention to Serfrere's missing cell phone, which was in Serfrere's possession at the time of the arrest but was lost and never logged as evidence.

After discussions with counsel about the confidential informant, the court stated: "I mean you are moving for a mistrial, [and] the jury is back there deliberating." In response, Serfrere's counsel stated: "Well, depending on what the jury does, Judge, then – I am being candid with the court, depending on what the jury does I might ask for a mistrial."

The next day, Serfrere's counsel informed the court that he "looked into" Detective D.J. and found "some theft allegations about him stealing stuff from Defendants, . . . and it goes right to this case of where my client cell phone is missing." But he also stated: "Judge, I don't think this Court can grant me a mistrial. If they come back guilty I am going to ask for a mistrial."

The jury returned from deliberations and found Serfrere guilty of possessing a trafficking amount of cocaine and guilty of the lesser-included offense of possession with intent. After discharging the jury, the

court asked counsel: "Where do we -- well, it wouldn't be for a mistrial we already have a verdict. You didn't want to do a mistrial during trial. At this point we have a verdict so the question is now where do we go from here?"

In response, Serfrere's counsel moved for a new trial and argued that, had he known about the investigation into Detective D.J., his defense strategy would have changed: he would have cross-examined Detective J.R. about Detective D.J., which would have been relevant to Detective J.R.'s credibility. Defense counsel asserted that knowing about the investigation into Detective D.J. "would have changed our defense in reference to how I would have attacked that particular witness which was his partner."

He also argued that Serfrere's missing cell phone never went into evidence, which may have related to whether Detective D.J., who was under investigation for theft, took the phone.

After argument, the court denied the motion for new trial. But Serfrere moved for reconsideration, focusing on the missing cell phone. He argued he "would have subpoenaed [Detective D.J.] to question him on the whereabouts of the missing cell phone. The cell phone is key evidence in this case, because it would have proved who the Defendant was texting on the date of the incident; the police officer or the confidential informant."

At the hearing, the court reasoned the allegation that the confidential informant was working with Detective D.J. "would have been established if they had the cell phone records or had the cell phone to show the text from the cell phone." The court concluded "[defense counsel] has established that he would have done something different had [Detective D.J.] been called to come in, the evidence would have come in that he was under investigation, because it would have been for impeachment." The State argued that the investigation would not be admissible to impeach Detective D.J. because it was not a conviction, and the court clarified that it would be relevant to impeachment for bias.

The court granted Serfrere's motion for reconsideration and motion for new trial based on the purported *Brady* violation.

### *Analysis*

We review an order granting a new trial for abuse of discretion. *State v. Dunnaway*, 778 So. 2d 378, 378 (Fla. 4th DCA 2001) (citation omitted).

3

"In order to demonstrate a *Brady* violation, the defendant has the burden to show (1) that favorable evidence, either exculpatory or impeaching, (2) was willfully or inadvertently suppressed by the State, and (3) because the evidence was material, the defendant was prejudiced." *Hayward v. State*, 183 So. 3d 286, 311 (Fla. 2015) (citations omitted).

The focus of our inquiry here, and the only prong in dispute, is whether the evidence was material. Materiality requires the defendant to establish "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (quoting *Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006)). If the evidence was not material, Serfrere will be unable to establish prejudice. We find that the evidence was not material and that, as a result, Serfrere cannot establish prejudice.

Detective D.J. was being investigated for an incident that allegedly occurred in Atlanta, Georgia. Our supreme court has explained that "[i]f a state witness is merely under investigation . . . the ability to cross-examine on such investigation is not absolute. Instead, any criminal investigation must not be too remote in time and must be related to the case at hand to be relevant." *Breedlove v. State*, 580 So. 2d 605, 608 (Fla. 1991); *see also Reed v. State*, 875 So. 2d 415, 431 (Fla. 2004) (applying *Breedlove* prongs); *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1206–07 (11th Cir. 2009) (discussing materiality of evidence that detectives were under investigation). There is nothing in the record connecting the investigation into Detective D.J. to Serfrere's missing cell phone.[2] So *Breedlove* precluded Serfrere from impeaching the detective with evidence of the pending investigation.

Serfrere correctly points out that by creating a *Brady* notice of the investigation into Detective D.J., the State acknowledged that the evidence could have been material and prejudicial under *Brady*. But, since voir dire, Serfrere was on notice that the State did not intend to call Detective D.J. as a witness. As such, this is not a case of an undisclosed material witness. Instead, it involves a witness the State disclosed and later stated would not be called to testify.

Beyond that, generally, a defendant cannot call a witness mainly to impeach him. *See Morton v. State*, 689 So. 2d 259, 264 (Fla. 1997), *receded from on other grounds*, *Rodriguez v. State*, 753 So. 2d 29 (Fla. 2000) ("Generally, however, if a party knowingly calls a witness for the

---

[2] Serfrere questioned Detective J.R. about the location of the cell phone and the text messages sent from the phone.

primary purpose of introducing a prior statement which otherwise would be inadmissible, impeachment should ordinarily be excluded. On the other hand, a party may always impeach its witness if the witness gives affirmatively harmful testimony."). Because the State did not intend to call Detective D.J. as a witness, there could have never been an opportunity for Serfrere to impeach him.

Serfrere failed to establish he was prejudiced by the State's inadvertent failure to provide a proper *Brady* notice. As a result, the court erred in granting the motion for new trial.

### *Conclusion*

We reverse the court's order granting Serfrere's motion for new trial and remand with instructions to reinstate Serfrere's convictions and sentences.

*Reversed and remanded.*

TAYLOR and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**