WILL WALKER, ALIAS SONNIE WALKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where money found in defendant's possession, who is being held for murder, is held by the sheriff the State's theory being that the theft of this money was the motive for the crime and that the money belonged to the deceased, the court should not on *ex parte* application order the sheriff to pay over part of it, as needed for the defense.

2. A ruling upon evidence should be excepted to, in order to be the basis for an assignment of error.

3. Where money found in defendant's possession is counted in the presence of the jury, but not filed in evidence, and is then placed in a bank's vault under a time lock, the defense is not entitled to have it in hand to use in argument before the jury, where the issue was the sum of amount so found and not the particular specie.

4. When evidence by the State is introduced at defendant's request, an objection thereto made for the first time in the motion for new trial comes too late.

5. Where there are good counts in an indictment, and a general verdict, a motion in arrest should be denied.

6. The evidence examined and found sufficient to sustain the verdict. (Whitfield, C. J., and Shackleford, J., dissenting.)

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*A. G. Hartridge,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—At the Fall term, 1909, of the Circuit Court for Duval County, the plaintiff in error and Anna Walker were indicted for murder in the first degree. There was a severance granted and Will Walker was convicted and sentenced to be hanged.

It is assigned that the court erred in refusing to order the sheriff to pay over to the defendant or his counsel the sum of two hundred dollars, out of the monies held by the sheriff which were found in the defendant's possession at the time of his arrest upon the ground that this amount was needed in the preparation of his defense. No authority is cited in support of this assignment. The State's theory of the case was that robbery was the motive for the homicide and that the monies so sequestered belonged in fact to the deceased. The sheriff held the money as bailee and was liable for its safe keeping; the court could not in this summary way adjudge the title to the property so held.

The second assignment is that the court erred in permitting the chamois bag and coin to be admitted in evidence after hearing the testimony of Ben Jones. This witness identified the bag and coin as those taken by him from the person of defendant. The argument is as to other monies, not this coin offered in evidence.

The third assignment is that the court erred in not granting the defendant's motion to strike the testimony in regard to the green back money found in his house. We find no evidence as to green back money found in defendant's house, nor do we find the motion on the record. The nearest approach to it is when the sheriff counted in the

jury's presence the monies found on the defendant or in his house and the State offered it in evidence, the defense objected to it as immaterial and irrelevant in regard to the paper money and gold money as not identified as belonging to the deceased, whereupon the court said: "I think it is admissible, gentlemen, in evidence, as to what was found on the defendant and in the house, that is all," and no exception appears to have been taken to this ruling; the assignment therefore fails.

During his argument to the jury, defendant's counsel asked for the paper and gold money introduced in the case and counted out and exhibited before the jury while the case was on trial. This was refused by the court upon the grounds that they had not been filed as exhibits and were at the time of the request in a safety deposit vault under time lock.

We have quoted above the court's ruling as to what was found in defendant's possession, and it is not inconsistent with the statement that these monies were not filed as exhibits. The State did not attempt, nor was it necessary, to identify the particular bills or gold coin; the object of the evidence was to show that the defendant, who was in apparently very reduced circumstances immediately preceding the homicide, was possessed immediately afterwards with something over Fifteen Hundred Dollars, and that the deceased had about that amount upon his person just before his death, and nothing when the body was found.

Again, just preceding this ruling the State offered the "money" in evidence, the defense objected and the court said "I don't see the object of it;" whereupon the witness described by denominations the money so found, and the court then held that evidence was admissible as to what was found.

As to the one dollar bills with blood stains, the chamois bag, the Chinese coin and the dice ring, these articles themselves were put in evidence.

Objection is here made that there was error in admitting the blood stain dollar bill in evidence. This objection appears first in the motion for a new trial, no objection being made when the evidence was tendered—in fact the record shows the defense saying through his attorney that he wanted this money to get into the evidence. The objection came too late.

The motion in arrest of judgment cannot avail. There were three counts in the indictment and it is admitted the first two are unimpeachable in form and there was a general verdict of guilty. It is the uniform holding of this court to deny a motion in arrest under such circumstances.

It is urged with great earnestness that the evidence is insufficient both as to the *corpus delicti,* and generally.

The first count charged that the fatal blow was inflicted upon the head with "a certain iron pipe" while in the second count, the instrument used was described as "a certain blunt instrument." The attending physician testified that the wound was a depression over the prominence of the cheek in the temporal region and across the nose, and the skull was crushed and that this wound caused the death. The body was found in bed, with the cover pulled up to his neck, the window had been broken and an iron pipe exhibited to the jury upon which was human blood, was found by the bed, all in Duval County, Florida. The body was that of Sol Osterman, who was seen the night before enter this bed room.

We discover no possibilities tending toward accident

6 Vol. 61

or suicide, but do think the State sufficiently established its theory that theft was the motive for the homicide.

The evidence is circumstantial, but is sufficient to sustain the verdict. Among the strong points made by the prosecution we mention the sudden and unexplained possession of a large sum of money by one apparently a pauper, corresponding in amount with that lost by the deceased, the possession of a chamois bag, shown by sufficient evidence to have belonged to the deceased, in which he carried his gold coin and other money; there was also some identification of a Chinese coin and dice ring, also carried by Sol Osterman, and too most damaging testimony from a witness, a former fellow convict, to whom this defendant the night of the homicide proposed that they could make between One Thousand and Fifteen Hundred Dollars by "putting an old guy low."

Upon the whole record we find no reversible error and the judgment is affirmed.

TAYLOR, HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD, J., dissent.