507 So.2d 162 (1987)
Henri UPREVERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1940.
District Court of Appeal of Florida, Third District.
May 12, 1987.
*163 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PEARSON, DANIEL S., Judge.
The defendant appeals from an order denying his motion for new trial grounded on his claim that the jury's verdict was contrary to the weight of the evidence. He contends, and we agree, that the trial court mistakenly believed that if the evidence presented was sufficient to support the jury's verdict, it was not legally permitted to grant a new trial on the ground that the verdict was against the weight of the evidence.[1] Since the trial court, laboring under this mistaken belief, thus failed to address the defendant's new trial claim, its order denying the defendant's motion must be reversed and the cause remanded with directions that the trial court determine whether the verdict was against the weight of the evidence.[2]
Florida Rule of Criminal Procedure 3.600(a)(2) provides that the trial court shall grant a new trial if it is established "[t]hat the verdict is contrary to law or the weight of the evidence... ." Although the trial court thought otherwise, this rule "enables the trial judge to weigh the evidence and to determine the credibility of witnesses so as to act, in effect, as an additional juror." Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla. 1981),[3]aff'd, Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). As we later observed in Gonzalez v. State, 449 So.2d 882, 888 (Fla. 3d DCA 1984):
"Florida Rule of Criminal Procedure 3.600(a)(2) authorizes a trial judge to grant a new trial if it is established that `the verdict is contrary to ... the weight of the evidence.' The process of determining whether the verdict is consistent *164 with the weight of the evidence necessarily requires the trial judge to invade the fact-finding arena  to act, in effect, as an additional juror. Tibbs, 397 So.2d at 1123 n. 9."
Tibbs, then, vests in the trial court the exclusive right to assess weight of the evidence claims. See, e.g., Robinson v. State, 462 So.2d 471, 476-77 (Fla. 1st DCA 1984):
"The Supreme Court has made it abundantly clear that the only avenue for judicial review of the weight of the evidence is by motion for new trial at the trial court level. Thus, the rules of criminal procedure and the courts continue to recognize the critical need for some form of discretionary judicial review to serve as a safety valve in those cases where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict. Tibbs simply removes the appellate courts from playing any significant role in that process and places sole responsibility for that discretionary decision upon the trial judge."
Therefore, where, as here, the record leaves no doubt that the trial court failed to exercise its unique discretion to assess a weight of the evidence claim, reversal and remand for appropriate findings are required. See Adams v. State, 417 So.2d 826 (Fla. 1st DCA 1982) (where order denying defendant's motion for new trial raising weight of evidence issue is worded in such a way as to indicate that trial court may have limited itself to sufficiency of evidence issue, reversal and remand are required). See also Jordan v. State, 470 So.2d 801 (Fla. 4th DCA 1985).
Reversed and remanded with directions.
HUBBART, J., concurs.
JORGENSON, Judge, dissenting.
I think it is implicit in the trial court's order that the evidence was weighed and not found wanting. I would, therefore, affirm the denial of the motion for a new trial.
NOTES
[1] The defendant filed a separate post-trial motion for judgment of acquittal challenging the sufficiency of the evidence. He does not challenge the denial of that motion on appeal.
[2] There is nothing in this record to indicate that the jury's verdict is so manifestly in accord with the weight of the evidence as to make our remand a mere formality and denial of the defendant's motion a foregone result. Indeed, the colloquy between defense counsel and the trial court at the conclusion of the case suggests that the trial court may have entertained serious doubts about whether the verdict was against the weight of the evidence, even though at that stage the discussion concerned the sufficiency of the evidence:

"THE COURT: In spite of the fact that you have a classical where's the beef case, I am going to deny the motion for judgment of acquittal and that's what juries are for and we'll let it get to the jury.
"We're going to let it get to the jury.
"This is not the first time, then, Lucy. It came close; it came real close.
"[DEFENSE ATTORNEY]: It's probably the closest.
"THE COURT: It's the closest. It wouldn't have gotten this far, believe me.
... .
"It is a case that if ever there were a borderline case, it is this. That's on the prima facie case, not whether who did it, not whether it was done; it was done, everybody can argue it. It's a who-dun-it. This is as close as I can come to a JOA [Judgment of Acquittal]. I haven't granted one ever. I am not going to break new grounds. I'm just such a conservative fellow... ."
[3] In the order denying the defendant's motion for new trial, the trial court declared:

"[T]he record contains sufficient evidence to support the verdict of the jury. A trial judge is not permitted to sit as a seventh juror, pitting his judgment against that of the jury. State v. Bowle, 318 So.2d 407 (Fla. 4th DCA (1975)." (emphasis supplied).
The notion that the trial judge is not permitted to consider the weight of the evidence has been wrong since at least 1967 when Florida Rule of Criminal Procedure 3.600 was adopted. McArthur v. Nourse, 369 So.2d 578 (Fla. 1979). Quite obviously, in light of the rule, State v. Bowle was incorrect when decided and, moreover, has been overruled sub silentio by Tibbs and its progeny.