782 So.2d 902 (2001)
Khalie Elamin HAMID, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2598.
District Court of Appeal of Florida, Third District.
March 7, 2001.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and RAMIREZ, JJ.
PER CURIAM.
Defendant appeals from a judgment of conviction and sentence for battery and lewd assault. For the reasons that follow, we reverse the conviction and remand for reconsideration.
In denying the defendant's motion for a new trial, the trial court stated:
I have to act upon the decision in what I think to be a legal manner ... so I don't have much of a choice, as far as doing something about the results of the jury's verdict.
I can't go back on the jury's verdict. I can't read into the jury's decision as to why they did what they did.
The testimony in the case met the legal standard necessary to go to a jury, and that's why it did go to a jury and the jury made a decision in this case as to his guilt or innocence, whether we like it or not, based upon the evidence that was put before them.
The trial court "mistakenly believed that if the evidence presented was sufficient to support the jury's verdict, it was not legally permitted to grant a new trial on the ground that the verdict was against the weight of the evidence." Uprevert v. State, 507 So.2d 162, 163 (Fla. 3d DCA 1987). Here, as in Uprevert, the record "suggests that the trial court may have entertained serious doubts about whether the verdict was against the weight of the evidence." Id. at n. 2. That being the case, Fla. R.Crim. P. 3.600(a)(2) "enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror." Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
"Therefore, where, as here, the record leaves no doubt that the trial court failed to exercise its unique discretion to assess a weight of the evidence claim, reversal and remand for appropriate findings are required." Uprevert, 507 So.2d at 164.
Reversed and remanded for further proceedings.[1]
NOTES
[1] We express no opinion on the merits of the trial court's decision. On remand, the trial court is free to grant or again deny the motion for a new trial, this time in light of the proper standard.