800 So.2d 747 (2001)
Norman MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1232.
District Court of Appeal of Florida, Fifth District.
December 14, 2001.
James B. Gibson, Public Defender, and Allison Toller, Assistant Public Defender, Daytona Beach, for Appellant.
*748 Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Norman Moore appeals the order denying his motion for new trial which he sought after the jury found him guilty of sexual battery on a physically helpless person. He argues that the trial court used an incorrect standard by which to test his motion for new trial. We agree and reverse.
Moore and the victim were guests at a swimming party. The victim admitted that she consumed a few drinks and voluntarily took an illegal drug which apparently made her lose consciousness. The victim was placed in a bedroom and, as she lay in repose, a mutual friend of the victim and Moore checked on her from time to time. Unfortunately for the victim, the mutual friend left to run an errand and Moore was asked to keep an eye on the victim until she returned. When the victim was aroused from her stupor, she angrily exclaimed that Moore had raped her.
During the trial, no witnesses were called who saw Moore in the room with the victim at the time of the alleged attack. Thus the trial turned into a classic test of credibility, with Moore testifying that he engaged in consensual sexual intercourse with the victim, and the victim essentially testifying that she had suffered a violent, nonconsensual attack. The nurse who apparently examined the victim testified that there was only one small tear to the victim's vagina, but no evidence of trauma. The jury, believing the testimony of the victim, found Moore guilty of sexual battery on a physically helpless person.
Prior to sentencing, Moore moved for a new trial. At the hearing thereon, defense counsel requested the trial court to "reweigh the evidence and ... act as an additional juror...." The trial court denied the motion, stating that "there was enough evidence to go to the jury on this case." In light of the motion for new trial which alleged that the verdict was contrary to the weight of the evidence, we find that the trial court applied the wrong legal standard in denying the motion.
The standard of review for a motion for new trial is abuse of discretion. See Stephens v. State, 787 So.2d 747 (Fla.), cert. denied, ___ U.S. ___, 122 S.Ct. 556, ___ L.Ed.2d ___ (2001); State v. Spaziano, 692 So.2d 174 (Fla.1997); State v. Batterton, 784 So.2d 1259 (Fla. 5th DCA 2001); Chatmon v. State, 738 So.2d 970 (Fla. 2d DCA 1999). In order to demonstrate abuse of discretion, "the nonprevailing party must establish that no reasonable person would take the view taken by the trial court." Stephens, 787 So.2d at 754 (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). Thus a trial court is generally accorded broad discretion in deciding whether to grant a motion for a new trial. Batterton; Chatmon.
However, Moore's argument on appeal is that the trial court used an incorrect legal standard in ruling on his motion for new trial. Therefore, we must determine whether the court's standard was erroneous as a matter of law. See Files v. State, 613 So.2d 1301, 1304 (Fla.1992).[1]
*749 Turning now to the merits of this appeal, Moore filed his motion pursuant to rule 3.600 which provides several grounds that may be alleged in a motion for new trial. The ground alleged by Moore is that the jury verdict is against the weight of the evidence. See State v. Daniels, 699 So.2d 837 (Fla. 4th DCA 1997). Specifically, Moore requested the trial court "to reweigh the evidence" in determining his motion for new trial. Instead of engaging in a review of the weight of the evidence, however, the trial court used a sufficiency of the evidence standard to test Moore's motion. There is an important distinction between the two standards. In Tibbs v. State, 397 So.2d 1120 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the court explained the distinction as follows:
The weight and the sufficiency of evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. Sufficient evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded." Black's Law Dictionary 1285 (5th ed.1979). In the criminal law, a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 2150 n. 10, 57 L.Ed.2d 1 (1978). Weight, at least in theory, is a somewhat more subjective concept. The "weight of the evidence" is the "balance or preponderance of evidence." Black's Law Dictionary 1429 (5th ed.1979). It is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other. See In re Estate of Brackett, 109 So.2d 375 (Fla. 2d DCA 1959).
Id. at 1123 (footnote omitted).
In deciding a motion for new trial which asserts that the verdict is contrary to the weight of the evidence "the trial court acts as a safety valve by granting a new trial where `the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.'" State v. Hart, 632 So.2d 134, 135 (Fla. 4th DCA 1994) (quoting Robinson v. State, 462 So.2d 471, 477 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985)). The Florida Supreme Court made clear in Tibbs that rule 3.600(a)(2) "enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror." 397 So.2d at 1123 n. 9 (citation omitted). Since this pronouncement in Tibbs, appellate courts have held this to be the appropriate function of the trial court in deciding a motion for new trial which alleges that the verdict is contrary to the weight of the evidence. See Hamid v. State, 782 So.2d 902 (Fla. 3d DCA 2001); State v. Hart, 632 So.2d 134 (Fla. 4th DCA 1994); Uprevert v. State, 507 So.2d 162 (Fla. 3d DCA 1987); Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla.1984); see also State v. May, 703 So.2d 1097 (Fla. 2d DCA 1997); Sanford v. State, 687 So.2d 315 (Fla. 3d DCA 1997); Thomas v. State, 574 So.2d 160 (Fla. 4th DCA 1990); Jordan v. State, 470 So.2d 801 (Fla. 4th DCA 1985).
*750 In Hamid, the court had occasion to apply the Tibbs "seventh juror" analysis. The defendant appealed from his conviction and sentence, raising the propriety of the trial court's denial of his new trial motion. The appellate court reversed and remanded the case with instructions to the trial court to review the defendant's new trial motion under the appropriate standard. The court explained its holding as follows:
The trial court "mistakenly believed that if the evidence presented was sufficient to support the jury's verdict, it was not legally permitted to grant a new trial on the ground that the verdict was against the weight of the evidence." Uprevert v. State, 507 So.2d 162, 163 (Fla. 3d DCA 1987). Here, as in Uprevert, the record "suggests that the trial court may have entertained serious doubts about whether the verdict was against the weight of the evidence." Id. at n. 2. That being the case, Fla. R.Crim. P. 3.600(a)(2) "enables the trial judge to weigh the evidence and determine the credibility of witnesses so as to act, in effect, as an additional juror." Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
782 So.2d at 902.
The defendant in Uprevert, like Moore, sought a new trial upon a claim that the verdict was against the weight of the evidence. The trial court's comments reflected that in ruling against the defendant, the trial court believed that as long as the evidence was sufficient to support the verdict, the trial court could not grant a new trial. The court held that the trial court's belief was mistaken because rule 3.600(a)(2) requires that a new trial be granted where the verdict is contrary to the weight of the evidence and the only way to make that determination is for the trial court to act as an additional juror, per Tibbs. The court stated:
Therefore, where, as here, the record leaves no doubt that the trial court failed to exercise its unique discretion to assess a weight of the evidence claim, reversal and remand for appropriate findings are required. See Adams v. State, 417 So.2d 826 (Fla. 1st DCA 1982) (where order denying defendant's motion for new trial raising weight of evidence issue is worded in such a way as to indicate that trial court may have limited itself to sufficiency of evidence issue, reversal and remand are required).
Id. at 164.
In the instant case, the record clearly shows that the trial court used the wrong standard by which to test Moore's motion. We therefore reverse the order denying the motion for new trial and remand this case to the trial court to consider the weight of the evidence when ruling on the motion.
REVERSED and REMANDED.
PETERSON, J., concurs.
HARRIS, J., dissents, with opinion.
HARRIS, J., dissenting.
While I don't disagree with the majority's analysis of current law interpreting the trial court's responsibility when considering a motion for new trial alleging that the verdict is contrary to the weight of the evidence,[1] I believe the trial court met its *751 obligation in this case. The court was made aware of its obligation to, in effect, "reweigh" the evidence to assure that its weight was sufficient to justify the guilty verdict. The court did not reject the standard; it rejected the argument that the evidence was of insufficient weight. In applying the appropriate standard, the court stated that the evidence of defendant's guilt was sufficient to submit to the jury. This was merely another way of saying that the evidence presented to the jury and believed by it had sufficient weight to prove defendant's guilt beyond a reasonable doubt[2]. Are there magic words that must be used to rule on such a motion?
The victim testified that although she became ill after consuming too much alcohol and drugs and "passed out," she was alert when she awakened some hours later to find Moore, a man whom she had seen only on one previous occasion and who had arrived at the party after she passed out, on top of her and inside her. She demanded, without initial success, that he get off her. Eventually, perhaps because of the knocking on the bedroom door by other guests concerned about the victim's safety, Moore unlocked the bedroom door (a door he was told to leave open) and left the room. When someone went into the bedroom to check on the victim, she screamed that she had just been raped. The victim *752 left the bedroom, saw Moore, and attacked him.
Moore testified that when he got to the party he heard the victim referred to as a slut who had earlier had sex with someone in the Jacuzzi. He testified that he eventually went into the bedroom when the victim was asleep to use cocaine and locked the bedroom door. Sometime later, he testified, the victim awoke and came onto him. He admitted having sex with the victim but insists it was consensual. After he finished with her, he left the bedroom and got another beer. When he heard the commotion in the bedroom, he went back and she attacked him. At first he denied having sex with the victim but, after becoming aware of the potential DNA evidence, he acknowledged that sex occurred but claimed it was voluntary on the victim's part.
Certainly the credibility of the testimony of the defendant and the victim is all important. But, as the trial judge ruled, if the jury believed the victim, as it clearly did, the testimony offered by the State had sufficient weight to support the verdict of guilt beyond a reasonable doubt.
But assume for the moment that the court did apply an improper standard in denying a new trial. Is there not an analysis akin to the harmless error rule to apply in this situation? Suppose we reverse and on remand the court grants a new trial. Now the standard on review will be whether the judge abused his discretion. Would any judge on this panel believe that any reasonable judge would weigh the evidence presented herein in favor of appellant? I think not. Therefore, to reverse and remand to the trial judge giving him only the options of denying a new trial using different language or granting a new trial only to be reversed for abusing his discretion seems a tremendous waste of state resources.
Because I believe the judge was aware of the proper standard and applied it, I would affirm.
NOTES
[1] The court stated the general rule as follows: If the trial judge, in granting a motion for a directed verdict, fails to apply the correct legal rule, the judge's action is erroneous as a matter of law. In that instance, an appellate court would be correcting an erroneous application of a known rule of law and may substitute its judgment for that of the trial court in determining the correct rule of law. On the other hand, when an appellate court considers the granting of a new trial, the test is whether the trial judge abused his discretion. Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla.1980); Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975). In that circumstance, there is no strict rule of law applicable and the appellate court must apply the reasonableness test set forth in Canakaris.

613 So.2d at 1304 (emphasis added).
[1] Although I don't disagree with the majority's analysis, I am concerned that since Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), if a trial court determines that the evidence has insufficient weight to sustain a conviction, the proper remedy is acquittal and not a new trial. In Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981), the court emphasized that the "weight of the evidence" is a balancing of the evidence to be made by the "trier of fact." Further, Tibbs, in holding that appellate courts should no longer reverse based on the inadequate weight of the evidence, points out that the cases which have purported to do so seem to have really reversed on insufficiency of evidence rather than on the weight of the evidence. This, of course, raises the double jeopardy issue addressed in Burks and central to the Tibbs opinion. There appears to be two kinds of evidentiary sufficiency: sufficiency in breadth (evidence which covers all the elements sufficient to overcome a motion for judgment of acquittal) and sufficiency in weight (evidence "heavy" enough to overcome all competing evidence on a motion for new trial). Burks seems to apply the double jeopardy prohibition in either situation. Whether it is the appellate court on review or the trial court considering a motion under rule 3.600(a)(2), if a jury verdict is set aside on what amounts to insufficiency of the evidence (regardless of the court's "weight" designation), double jeopardy looms as an impediment to retrial. Even if the State presents admissible evidence, if the State's witnesses prove to be unbelievable, then the State has presented evidence of insufficient weight to obtain a conviction. For example, if the State had three witnesses who allegedly saw a crime committed but puts on only one of the witnesses, unfortunately a witness who is proved to the satisfaction of the judge to have been out of town when the crime occurred, will principles of double jeopardy permit the State to retry the defendant using one or both of the remaining witnesses? Was the defendant not put in jeopardy by the State's going to trial and presenting the unbelievable witness? To garner a conviction, the State is required to put on sufficient credible evidence showing the defendant's guilt beyond a reasonable doubt. Whether it is the jury by acquitting, the trial court by granting a new trial after reweighing the evidence, or (before Tibbs) the appellate court reversing because of weight inadequacy, the final analysis is that there was a finding of "evidentiary insufficiency." In Burks, the court held that "the Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." How can the State present "heavier" evidence at a new trial without presenting new or additional evidence?
[2] Here, the trial court was specifically advised of its obligation to sit as a seventh juror. The court said nothing which indicates that it rejected this obligation. The court's ruling is consistent with finding that although it believed the victim and found that her testimony outweighed competing evidence, still it was the jury which must determine her credibility and, therefore, it was appropriate for the court to send the evidence to the jury.