827 So.2d 299 (2002)
STATE of Florida, Appellant,
v.
Charles K. BROCKMAN, Appellee.
No. 1D01-3255.
District Court of Appeal of Florida, First District.
September 3, 2002.
Rehearing Denied October 7, 2002.
*301 Robert A. Butterworth, Attorney General; Thomas D. Winokur, Assistant Attorney General and William N. Meggs, State Attorney; Robin Freeman, Assistant State Attorney, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellee.
BENTON, J.
The state appeals the "ORDER AND JUDGMENT OF NOT GUILTY" a judge entered after presiding at the trial in which a jury found Charles K. Brockman guilty as charged of lewd or lascivious molestation of a child under the age of sixteen. We have jurisdiction. See Fla. R.App. P. 9.140(c)(1)(E). We reverse and remand with directions that the defense be granted leave to file appropriate post-hearing motions, including a motion for new trial on grounds the verdict was contrary to the manifest weight of the evidence.
Some days after the guilty verdict had been returned, the learned trial judge entered the order under review granting a judgment of acquittal, and stated his reasons for doing so, as follows:
After a trial before the undersigned judge, the jury returned a verdict of guilty against the defendant Charles K. Brockman of the crime of lewd or lascivious molestation of a child. I find that there is no competent evidence upon which the jury could lawfully return such a verdict and therefore direct the entry of a judgment of not guilty.
The sole predicate for a finding that a crime had been committed [in violation of section 800.04(5)(b), Florida Statutes] and that defendant did it came from the uncorroborated statements of the alleged victim. She is the four (now five) year old daughter of the defendant and had been the subject of visitation, child support, and custody disputes between the defendant and the child's mother.
The child's statements were presented by her testimony at trial and through a prior video taped interview with a social worker that was introduced at trial. This out of court interview had been ruled admissible prior to trial. This child stated that the defendant forced her to touch his private parts.
When the child was called into the courtroom to testify, before the clerk could administer an oath and before any question was asked of her, the child volunteered twice that "he made me put my hands on him" (or something quite similar). No objection was made at trial, but had I been properly performing my responsibility I would have stopped *302 the proceedings at that point and inquired of her outside the presence of the jury to again review whether her testimony was adequately reliable to be received. The only plausible explanation for her voluntary statements was that she had been coached or told by someone what to say in court. The reliability of her testimony became highly suspect and did not now rise to the point of acceptance. This would relate back to the statements made to the social worker.
The weight to be given testimony is the responsibility of the jury. The admissibility of testimony is that of the judge. I find that I erred in allowing the jury to hear either the trial testimony or the video testimony because, in retrospect, it clearly was not reliable.
In [State v. Townsend, 635 So.2d 949 (Fla.1994),] the Florida Supreme Court declared that before a child's out of c[o]urt testimony could be received in evidence the trial judge must determine that the pretrial statement is reliable. Although this was done at pretrial, the events at trial directed a review of such a finding. As stated above, my perception is that neither the trial testimony nor that to the social worker was sufficiently reliable to authorize its admission.
Perhaps more important and significant is the lack of any corroboration of the child's statements. There was no trauma, physical or psychological. There was no immediate complaint or other indication that anything had taken place. In Townsend there had been some indication of trauma. Here there was nothing and the Supreme Court in Townsend declared that without corroboration out of court testimony under [section 90.803(23) ], Florida Statutes, is unconstitutional.
Even if admissible, the child's testimony at trial would have been inadequate to sustain a conviction. It was lacking in necessary detail[ ] that was more closely given in the video. Again, without any corroboration it was too suspect to be considered. Thus rather than simply ordering a new trial because of the improperly admitted video testimony, I find that a judgment of not guilty should be entered.
In entering this order I am mindful o[f] potential procedural problems created by lack of objections by defense counsel and by the absence of any timely [filed] post trial motions. The interest of justice required this court's ruling.
Procedural problems, including some of those to which the order adverts, require us to reverse, but in reversing we grant the state's request for "remand with leave for defendant to make post-trial motions within 10 days of receipt of the mandate."
Putting to one side the absence of any motion and the question of the subject ruling's timeliness, we conclude the trial court erred in retroactively excluding evidence to which no objection was made at trial, then granting an acquittal based on the remainder of the evidence. In resisting a judgment of acquittal, the state can rely on any evidence adduced, even evidence later determined to have been erroneously admitted. "[T]he decision to grant or deny a motion for a judgment of acquittal is not one that calls for the exercise of judicial discretion. If the evidence is legally sufficient to support the elements of the alleged crime, the trial court has no discretion to acquit the defendant...." Jones v. State, 790 So.2d 1194, 1196-97 (Fla. 1st DCA 2001) (en banc).
A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the *303 adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.
Lynch v. State, 293 So.2d 44, 45 (Fla.1974); see Darling v. State, 808 So.2d 145, 155 (Fla.2002); Beasley v. State, 774 So.2d 649, 657 (Fla.2000). In determining whether evidence is sufficient to withstand a motion for judgment of acquittal under Florida Rule of Criminal Procedure 3.380, the trial court and reviewing court alike must consider all evidence adduced, including evidence that may have come in erroneously. See Lewis v. State, 754 So.2d 897, 902 (Fla. 1st DCA 2000) ("[I]n reviewing the denial of the motion [for judgment of acquittal], we are to consider all evidence admitted at trial, whether or not it was erroneously admitted."); Barton v. State, 704 So.2d 569, 573 (Fla. 1st DCA 1997) (holding that a defendant is not entitled to a judgment of acquittal "merely because evidence that is critical to the court's finding of sufficiency was improperly admitted").
Absent fundamental error, the trial court could not, moreover, have granted even a timely motion under Florida Rule of Criminal Procedure 3.600(b)(6) for new trial, based solely on the inadmissibility of prejudicial evidence to which defense counsel did not adequately object. See State v. Goldwire, 762 So.2d 996, 998 (Fla. 5th DCA 2000) ("[T]he trial court should not have entertained a motion for new trial based on the label absent an objection."); State v. Benton, 662 So.2d 1364, 1365 (Fla. 3d DCA 1995); see also Walker v. State, 61 Fla. 78, 54 So. 387, 388 (1911) ("Objection is here made that there was error in admitting the blood-stained dollar bill in evidence. This objection appears first in the motion for a new trial; no objection being made when the evidence was tendered. In fact, the record shows the defense saying, through his attorney, that he wanted this money to get into the evidence. The objection came too late."). Mr. Brockman does not contend that the admission of any evidence at his trial was fundamental error. The general rule is that failure timely and adequately to object to the admission of evidence waives the right to contest its admissibility later. See, e.g., Barton, 704 So.2d at 572-73. Applying the general rule here, we do not reach the merits of any evidentiary ruling, and express no view on any evidentiary question.
Nor do we express any view on whether the trial court could have granted (or should on remand grant, if timely filed) a motion for new trial predicated on the ground that the verdict was, although supported by technically sufficient evidence, nevertheless "contrary to ... the weight of the evidence." Fla. R.Crim. P. 3.600(a)(2).
There is a distinction between the "sufficiency of the evidence" standard, used in determining whether a judgment of acquittal is appropriate, and the "weight of the evidence" standard used in evaluating a motion for new trial. Moore v. State, 800 So.2d 747 (Fla. 5th DCA *304 2001). "Sufficiency of the evidence" is a test of whether the evidence presented is legally adequate to permit a verdict. "Weight of the evidence" tests whether a greater amount of credible evidence supports one side of an issue or the other. State v. Hart, 632 So.2d 134, 135 (Fla. 4th DCA 1994). In deciding a motion for new trial pursuant to Florida Rule of Criminal Procedure 3.600(b) [sic] on the ground that the verdict is contrary to the weight of the evidence, the trial court acts as a "safety valve" by granting a new trial where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict. Moore, 800 So.2d at 749. Thus, this rule "enables the trial judge to weigh the evidence and to determine the credibility of witnesses so as to act, in effect, as an additional juror." Uprevert v. State, 507 So.2d 162, 163 (Fla. 3d DCA 1987) (quoting Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981)).
Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002). In the present case, we conclude that, whatever its weight, the evidence that the state adduced at trial (including the uncorroborated, videotaped, out-of-court statement that came in without objection) "touched all the bases" necessary to make out a technically sufficient prima facie case.
Accordingly, we reverse the order and judgment of not guilty and remand with directions that the appellee be granted leave to file appropriate post-trial motions within ten days of the trial court's receipt of the mandate.
BOOTH and VAN NORTWICK, JJ., concur.