ORFINGER, J.
The State of Florida appeals the trial court’s order granting James Harrington’s renewed motion for judgment of acquittal after the jury found him guilty of attempted lewd or lascivious battery. We reverse.
Harrington was charged with one count of lewd or lascivious battery[1] stemming from an incident involving K.E., who at the time was under the age of 16. At his trial, KE.’s mother testified that she chaperoned a party attended by her daughter. After the party ended around 11:00 p.m., K.E. planned on spending the night at a Mend’s house. When the mother next saw her daughter about two and one-half hours later, K.E. was comatose and was taken to the hospital.
Dobson, a teenager, testified that he and Harrington were with K.E. at the party. Later that night, he and Harrington went to Lee Dey’s house. While at Dey’s house, he walked outside and saw Harrington and K.E. in the back of a pickup truck. Harrington was on top of K.E. with his pants down below his buttocks. The two were moving in a manner consistent with sexual activity. Harrison, another teenager who had also been at the party, testified Harrington later told her that he had been intoxicated that evening and that he was “pretty sure” he had sex with K.E. Thereafter, detectives from the Sheriffs Office interviewed Harrington after he waived his Miranda[2] rights. Harrington admitted he had sex with K.E. in the back of the pickup truck. He claimed that K.E. pulled his pants down and initiated the sexual contact. Harrington’s statement was admitted into evidence without objection.
After the State rested, Harrington moved to strike his confession to the police officers, arguing that the corpus delicti of the crime had not been demonstrated. He also moved for a judgment of acquittal. These motions were denied. After the defense presented its case, Harrington renewed his motion for judgment of acquittal. The motion was again denied. The jury then returned its verdict, finding Harrington guilty of the lesser offense of attempted lewd or lascivious battery. After the verdict, Harrington filed another motion for judgment of acquittal, which the court granted. The trial court concluded that Harrington’s statement should not have been admitted because the State had not independently proved the corpus delicti of the offense as is required. See J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). The court found that without Harrington’s statement, the evidence was insufficient to sustain the verdict.
Because Harrington’s statement was admitted without objection, we need not determine whether the State adequately proved the corpus delicti of the offense prior to the admission of the statement. Without an objection, the error, if it was error, was waived and not preserved for appeal. Any claim of error regarding the admission of a confession or admission against interest into evidence, without independent proof of the corpus delicti, requires a contemporaneous objection in order to preserve the issue for appeal. Only *1232 when error is fundamental can the error be raised on appeal in the absence of a contemporaneous objection. Crump v. State, 622 So.2d 963, 972 (Fla.1993). That, however, does not help Harrington, because the admission of a confession in the absence of independent proof of the corpus delicti is not fundamental error. J.B., 705 So.2d at 1379.
We conclude, as did the court in State v. Brockman, 827 So.2d 299 (Fla. 1st DCA 2002), that the trial court erred in retroactively excluding evidence to which no objection was made at trial, then granting an acquittal based on the remainder of the evidence. In resisting a judgment of acquittal, the State may rely on any evidence adduced, even evidence later determined to have been erroneously admitted. Id. at 302.
Accordingly, we reverse the order granting Harrington’s motion for judgment of acquittal and direct the trial court to reinstate the jury’s verdict.
REVERSED AND REMANDED.
HARRIS, C., Senior Judge, concurs.
SHARP, W., J., concurs specially with opinion.

. § 800.04(4)(a), Fla. Stat. (2001).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).