HAZOURI, J.,
concurring specially.
Although I concur in affirming the denial of a motion for new trial, I write to express my grave concerns as to whether the weight of the evidence supports the conviction.
Following a jury trial, Vishna Persad, was convicted of aggravated battery with a firearm causing great bodily harm. Per-sad sought a new trial asserting that the verdict was contrary to the weight of the evidence. The motion for a new trial was denied and Persad was sentenced to forty-three years in the Department of Corrections with a minimum mandatory sentence of twenty-five years for the use of a firearm.
Upon my review of the record, it appears that Persad was convicted based upon the questionable identification made by only one of five eyewitnesses. The identification was based upon a photo lineup using a photograph of Persad which was taken approximately seven years prior to the incident in question, when Persad was only seventeen years old. The remaining four eyewitnesses either could not identify Persad as the perpetrator or identified someone other than Persad.
At the time of the trial, Persad had long hair and a full beard but in the photograph used in the photo lineup Persad had short cropped hair and only a pencil thin mustache. The defense presented witnesses who testified that at the time of the incident in question, Persad had long hair and a beard. The defense also presented three alibi witnesses that testified that at the time of the incident, Persad was participating in a study group preparing for a final examination for an organic chemistry course at Florida Atlantic University and could not have been at the scene of the incident at the time it occurred. The only evidence connecting Persad to the crime was the testimony of a single eyewitness. There was no physical evidence to connect Persad to the crime.
The standard of review for a motion for new trial is an abuse of discretion. In order to demonstrate an abuse of discretion, the non-prevailing party must establish that no reasonable person would take the view taken by the trial court. Thus a trial court is generally accorded broad discretion in deciding whether to grant a *536 motion for new trial. See Moore v. State, 800 So.2d 747 (Fla. 5th DCA 2001).
Persad’s argument on appeal is that the trial judge used an incorrect legal standard in ruling on his motion for new trial. Persad contends that the standard used by the trial judge was the sufficiency of the evidence as opposed to the weight of the evidence as required in Florida Rule of Criminal Procedure 3.600(a)(2). A review of the transcript of the hearing on the motion for new trial tends to support Persad’s position that the trial judge was reluctant to reweigh the evidence as required by the Florida Supreme Court decision in Tibbs v. State[1], 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), as reflected by the following colloquy:
THE COURT: Let me ask you this question: Assuming I agreed with you and I concluded that the jury was wrong and there was no basis for the jury to, on this evidence, return a verdict of guilty, so you say, well, are you going to give him a new trial, what’s the point?
You are going to have the same names, you are going to have the same evidence, and if the next jury convicts, you are going to be here saying the same thing to me, well, Judge, you can’t possibly allow this verdict to stand because it’s insufficient, as a matter of law, you have to set it aside and give him a new trial and, then, so we keep giving him a new trial until you get an acquittal.
I mean, what is the point of having a new trial if you are telling me that I have to make the decision and my decision is what counts. I mean, how, what is the point of having a new trial? The evidence is not going to be any different the next time around.
MR. LANTZ: And I clearly—
THE COURT: It can’t get any better for the state.
MR. LANTZ: And I clearly think you will need to read Tibbs on that because Tibbs is the one that explains what the purpose is on a Motion for a New Trial and what this court does, and what it says is that judges have historically granted new trials in the interest of justice where the record, though, technically sufficient, raises so much doubt that the conviction cannot in conscience be upheld, and it also goes on to state that the—
THE COURT: I understand that. I am trying to understand what’s the point of having a new trial?
MR. LANTZ: Clearly, what’s the point of having a new trial is that in the interest of justice.
THE COURT: Why shouldn’t I just acquit him and, say, it’s over because *537 they can’t possibly prove it in a new trial because the evidence is going to be the same, and you are going to tell me, if there is another conviction, it should be set aside again because there is no way that this evidence should sustain a verdict.
[[Image here]]
THE COURT: You are telling me that I am not supposed to now make the decision based upon the weight of the evidence in the light most favorable to the state, I am supposed to sit as the 7th juror and I am supposed to make an independent decision as to whether or not I believe the evidence was sufficient to sustain a verdict and, if I don’t think that, then I have to grant a new trial and so what am I saying, if I agree with you and I do that and I say, you are right, Mr. Lantz, there is insufficient evidence in my independent judgment to sustain this verdict, that the jury was, deceived, however, you want to characterize it, into believing the evidence and there were so many, too many inconsistencies in the case to sustain a conviction beyond a reasonable doubt, so, therefore, your client is entitled to a new trial, that’s what you want me to do.
MR. LANTZ: Exactly.
THE COURT: If I do that, so then, we are going to have a new trial, so the state is going to present the same evidence, the same witnesses, the same, I assume, the same testimony. I assume the testimony isn’t going to change. I assume there are going to be same inconsistencies, the same issues that you are raising over and over again, you are going to have the same witnesses testify about the alibi and everything else and, then, if that jury returns a verdict of guilty, you are going to be right back here, standing there saying, Judge, the evidence is insufficient, you have to set aside the jury’s verdict, give him a new trial.
We are going to do another trial and then we are going to go through the same thing and, isn’t it, under your theory, all we have to do is keep having trials until there is an acquittal?
At the conclusion of the hearing on the motion for new trial the trial judge indicated that he would take the motion for new trial under advisement and enter an order. Approximately a month and a half later he entered an order denying Persad’s motion for new trial and stated as follows:
THIS MATTER came before the Court upon the motion of the Defendant, Vishna Persad, for a new trial. A hearing was conducted before the Court. After considering the evidence presented at trial, the argument of counsel, and otherwise being duly advised in the premises, it is hereby
ORDERED AND ADJUDGED that the Defendant’s motion for a new trial is denied. The Court finds that the verdict was not contrary to law or to the weight of the evidence.
Although the above referenced colloquy suggests that the trial judge was reluctant to reweigh the evidence, the order denying Persad’s motion for a new trial reflects that the trial judge found that the verdict was not contrary to the weight of the evidence. Since I cannot say that no reasonable trial judge could find that the weight of the evidence was sufficient to support this verdict, I am compelled to affirm.

. In Tibbs, the Court explained the distinction as follows:
The weight and the sufficiency of evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. Sufficient evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded.” Black’s Law Dictionary 1285 (5th ed.1979). In the criminal law, a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 2150 n. 10, 57 L.Ed.2d 1 (1978). Weight, at least in theory, is a somewhat more subjective concept. The "weight of the evidence” is the "balance or preponderance of evidence.” Black’s Law Dictionary 1429 (5th ed.1979). It is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other. See In re Estate of Brackett, 109 So.2d 375 (Fla. 2d DCA 1959).
Tibbs, 397 So.2d at 1123.