ORFINGER, J.
Ralph Billy Martin appeals his conviction of grand theft of the third degree.[1] Martin, a Universal Studios employee, was observed by Universal security officers pocketing cover charges at Bob Marley’s Restaurant. After being confronted by the security officers, Martin admitted that he took $171. He also admitted that he had participated in the theft of more than $20,000 with others, over the course of the prior twenty months. Based on this admission, the State charged Martin with third-degree grand theft, which, by statute, is generally defined as the theft of property valued at $300 or more. On appeal, Martin contends that the trial court erred by denying his motion for judgment of acquittal in which he argued that the State failed to prove the corpus delicti of grand theft with proof other than his statement. We disagree and affirm.
As Martin correctly observes, under the corpus delicti rule, the State has the burden of proving, by substantial evidence, that a crime was committed before a defendant’s confession can be admitted in evidence. Burks v. State, 613 So.2d 441, 443 (Fla.1993). Here, Martin’s statement that he had taken more than $20,000 was admitted with no independent proof of any theft other than the $171, but with no contemporaneous objection. The admission of a confession or statement against interest into evidence, without independent proof of the corpus delicti, requires a contemporaneous objection in order to preserve the issue for appeal. J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). Since that was not done here, the issue was not preserved.
At the close of the State’s case, Martin moved for a judgment of acquittal as to grand theft, contending that other than his own statement, no proof of a theft greater than $171 was introduced at trial. He contends that his admission of taking more than $20,000 from Universal, standing alone, is insufficient to prove grand *823 theft. We disagree. Martin’s admission that he took more than $20,000, once admitted, is direct evidence sufficient to make a prima facie showing that a grand theft occurred. See J.B. (finding that J.B.’s admission that the substance he possessed was “beer” was direct evidence and was sufficient to make a prima facie showing that the substance was alcoholic in nature). As Martin readily admits, the evidence clearly demonstrated that on the night he was confronted by Universal security, he had taken $171 from the till. Although there was no evidence that Martin took more than $300 from Universal other than his own statement, the amount taken in the theft relates only to the degree of the offense. It was, therefore, not necessary to independently establish this element to survive the motion for judgment of acquittal. See generally Farinas v. State, 569 So.2d 425, 430 (Fla.1990) (holding that when defendant was guilty of burglary but the only evidence that he was armed was from his own statement, existence of the firearm went only to the degree of the offense and was not as an element of proof).
AFFIRMED.
PLEUS, C.J. and SAWAYA, J., concur.

. § 812.014(2)(c)l„ Fla. Stat. (2003).