RAY, J.
Timothy Scott (Appellant) appeals his conviction for possession of a firearm by a convicted felon.* As grounds for relief, Appellant contends that the trial court erred, first, in denying his motion for judgment of acquittal and, second, in allowing the prosecutor to make certain improper remarks during closing argument. Finding no error as to the second issue, we affirm without further comment. In the first issue, Appellant argues that the State introduced Appellant’s incriminating statements without establishing the corpus de-licti of possession of a firearm by a convicted felon. We affirm the judgment and sentence because Issue One was not adequately preserved.
“[U]nder the corpus delicti rule, the State has the burden of proving, by substantial evidence, that a crime was committed before a defendant’s confession can be admitted in evidence.” Martin v. State, 911 So.2d 821, 822 (Fla. 5th DCA 2005); see Burks v. State, 613 So.2d 441, 443 (Fla.1993). The State offered into evidence undisputed proof that Appellant had a prior felony conviction. As to the element of possession of a firearm, the State introduced statements of Appellant directly linking him to the room where the firearm was found next to his bed. Where an admission against interest is allowed into evidence without independent proof of the corpus delicti, a contemporaneous objection must be made to preserve the issue for appellate review. J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998) (“In the absence of a proper objection, a trial judge does not have an obligation to prohibit inadmissible evidence from being considered by the fact finder.”). No such objection was made in this case. ‘Without an objection, the error, if it was error, was waived and not preserved for appeal.” State v. Harrington, 838 So.2d 1230, 1231 (Fla. 5th DCA 2003) (concluding that because defendant’s confession was admitted into evidence without an objection, the defense waived the issue of whether the State adequately proved the corpus delicti of the offense before admission of the statement, and defense counsel’s argument made at the end of the State’s case, relying on the corpus delicti rule, was not a proper substitute for a contemporaneous objection).
AFFIRMED.
PADOVANO and ROWE, JJ., concur.

 Section 790.23(l)(a), Florida Statutes (2010).