IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


QUANAVIS LADON PENDER,

       Appellant,

v.
                             Case No. 5D23-53
                             LT Case No. 16-2020-CF-002996-AXXX-MA

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed June 9, 2023

Appeal from the Circuit Court
for Duval County,
A. C. Soud, Jr., Senior Judge.

Jessica J. Yeary, Public Defender,
and Justin Foster Karpf, Assistant
Public Defender, Tallahassee, for
Appellant.

Ashley Moody, Attorney General,
and Robert Charles Lee, Assistant
Attorney General, Tallahassee, for
Appellee.


LAMBERT, C.J.

On the evening of March 20, 2020, Quanavis Pender was sitting in his Tahoe SUV with a firearm when he was approached by a man whom he knew to be dating his estranged wife. Pender fired one shot, hitting the victim in his jaw and causing him significant injury. Pender then drove away, taking his gun with him. When eventually questioned by law enforcement about the gun's whereabouts following his arrest, Pender responded that he had thrown the gun "in the river." The firearm was never located.

Pender was charged and later convicted after trial of attempted second-degree murder with a firearm and discharging a firearm from a vehicle. Having considered the arguments raised by Pender on appeal for reversal, we affirm his convictions and sentences on these counts without further discussion.

We write, however, to address Pender's separate conviction at trial for tampering with evidence—specifically, the firearm that he used to shoot the victim. The crime of tampering with evidence is codified at section 918.13, Florida Statutes (2019). The 2019 version of this statute, which applies here, provided, in pertinent part:

> (1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:

2

> (a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation.

§ 918.13(1)(a), Fla. Stat.

Prior to trial, Pender had moved in limine under the corpus delicti[1] rule to preclude his confession from being admitted into evidence at trial. "The phrase 'corpus delicti' refers to proof independent of a confession that the crime charged was in fact committed." *Meyers v. State*, 704 So. 2d 1368, 1369 (Fla. 1997) (citing *Bassett v. State*, 449 So. 2d 803, 807 (Fla. 1984)). "[U]nder the *corpus delicti* rule, the State has the burden of proving, by substantial evidence, that a crime was committed before a defendant's confession can be admitted in evidence." *Scott v. State*, 147 So. 3d 5, 6 (Fla. 1st DCA 2013) (quoting *Martin v. State*, 911 So. 2d 821, 822 (Fla. 5th DCA 2005)). In other words, "[a] person's confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime." *State v. Allen*, 335 So. 2d 823, 825 (Fla. 1976).

Pender argued in his motion that the State did not have the requisite independent substantial evidence to show that the crime of tampering with

---

[1] Corpus delicti is the "body, foundation, or substance of the crime." *State v. Lindsey*, 738 So. 2d 974, 976 n.1 (Fla. 5th DCA 1999).

evidence was committed; thus, the State could not use his confession as proof of this crime. The State disagreed, responding that the victim's testimony of being shot by Pender, plus the surveillance video from a nearby business establishment depicting the shooting and Pender leaving the scene with the gun, established the corpus delicti of the crime, making Pender's confession admissible.

The trial court denied Pender's motion in limine by unelaborated written order. Pender's later "corpus delicti" objections at trial to the admissibility of his confession were overruled.

ANALYSIS

Under the 2019 version of section 918.13(1)(a), to commit the crime of tampering with evidence, a defendant must either "alter," "destroy," "conceal," or "remove" a thing with the purpose of impairing its verity or availability in a criminal proceeding or investigation. In the instant case, the State had no evidence to show or prove that Pender's gun was "altered." Next, the only evidence from the State to show that Pender's gun was either "destroyed," or "concealed" was Pender's confession, which, by itself, is insufficient to prove the crime. *See Allen*, 335 So. 2d at 825.[2] The question

_____

[2] Had there in fact been evidence that Pender was observed throwing his firearm "into the river" while being pursued by law enforcement, or that he had been seen doing so by some other witness, the corpus delicti rule

4

thus comes down to whether the State's proof that Pender shot the victim and then "removed" the firearm from the scene by driving away with it, without more, was the requisite independent substantial evidence to establish the corpus delicti of the crime of tampering with evidence. *See Sciortino v. State*, 115 So. 2d 93, 99 (Fla. 2d DCA 1959) ("Direct evidence of one offense may not be used as proof of corpus delicti of another crime.").

We conclude that it was not. The crime of evidence tampering is a specific intent crime. *McNeil v. State*, 438 So. 2d 960, 962 (Fla. 1st DCA 1983). As such, because the language of the applicable version of section 918.13(1)(a) required that removal of a thing be done "with the purpose to impair its verity or availability," the requisite intent cannot be inferred from commission of the physical act component of the offense, i.e., removal of the gun from the scene. *See Linehan v. State*, 442 So. 2d 244, 247 (Fla. 2d DCA 1983).

Simply stated, under the facts of this case, without Pender's confession, the State had no separate substantial evidence of Pender's intent or purpose in taking his gun from the scene. *See Anderson v. State*,

---

would have provided him with no relief. *See Chambers v. State*, 880 So. 2d 696, 698 (Fla. 2d DCA 2004) (discussing a case in which the defendant was convicted of tampering with evidence "following a high-speed car chase during which [the defendant] threw the gun involved in the shooting out the window of his car").

5

123 P.3d 1110, 1117–18 (Alaska Ct. App. 2005) (rejecting the State's argument that under Alaska's tampering with evidence statute that criminalizes the altering, suppressing, concealing, or removing of physical evidence with intent to impair its verity or availability, the defendant committed a "removal" of evidence when he drove away from the scene of his crimes with the handgun still in his possession); *State v. Like*, No. 21991, 2008 WL 1759080 (Ohio Ct. App. Apr. 18, 2008) (reversing the defendant's conviction for tampering with evidence because, although there was no dispute that the gun used in the murder was removed from the crime scene by the defendant, the State offered no evidence, other than the defendant's own statement about throwing the gun into a dumpster, to support an inference that the gun was removed from the scene with the purpose of impairing its value or availability); *Mullins v. Commonwealth*, 350 S.W. 3d 434, 443 (Ky. 2011) ("When a crime takes place, it will almost always be the case that the perpetrator leaves the scene with evidence. If this amounted to a charge of tampering, the result would be an impermissible 'piling on.'").

Accordingly, we hold that the trial court erred in denying Pender's motion in limine. We reverse his conviction and sentence for tampering with evidence and remand with directions to the trial court to enter a judgment of acquittal on this count.

AFFIRMED, in part; REVERSED, in part; and REMANDED, with directions.

BOATWRIGHT and KILBANE, JJ., concur.